**Nina Jeane BEARD, Appellant (Defendant below),**

v.

**Donald Dwight BEARD, Appellee (Plaintiff below).**

**No. 3055.**

Supreme Court of Wyoming.

Feb. 20, 1962.

Raymond B. Whitaker, Casper, for appellant.

Allen H. Stewart, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

The appeal in this case involves in the main the question as to whether or not the trial court erred in refusing to modify a decree of divorce, particularly in connection with the custody of the children of the parties and the division of the property.

The decree of divorce involved herein is in the case of Donald Dwight Beard v. Nina Jeane Beard. The petition in that case was filed in the District Court of Natrona County on November 15, 1960, alleging that the plaintiff and defendant were married to each other at Kimball, Nebraska, on August 12, 1953; that two children were born as issue of said marriage, to wit, Stephen Dwight Beard, age 6, and Alana Jeane Beard, age 5; that plaintiff was a fit and proper person to have the care and custody of said children; that the defendant had been guilty of extreme cruelty to the plaintiff and had offered such indignities to plaintiff as to make his marital condition intolerable and impossible of further continuance; that the parties owned real and personal property as follows, Lot 43 of Fort Casper Addition to the City of Casper, Natrona County, Wyoming, a 1957 Ford automobile, and household furnishings in the marital home; wherefore plaintiff asked for a decree dissolving the marriage; that he be awarded the sole custody of the children; and that the court decree a just and equitable division of the property of the parties. The decree of divorce in that case was entered in the court below on December 10, 1960. The court found generally for the plaintiff and against the defendant and that the allegations of the plaintiff's complaint were true; that the parties had entered into an agreement that settled the questions that were in controversy; and that the terms and provisions of said agreement were fair and equitable and should be adopted by the court. The court accordingly decreed that the bonds of matrimony existing between the plaintiff and defendant be dissolved; that the plaintiff should have the care and custody of the parties' children during each school year and that the defendant, Nina Jeane Beard, should have the custody of the children during the summer months when the children's schooling would not be interrupted; that the plaintiff should deliver the children to the residence of the defendant within a week after school is out for the summer and that plaintiff would pick up said children at defendant's residence a week prior to the commencement of school each fall; that each party should have reasonable rights of visitation with the children during the time that the children are in the custody of the other party. The court added to the decree that "It is further ordered that said children will not be removed from the State of Wyoming until the party with whom said children will be residing places a bond with sufficient sureties in the sum of $250.00 with the Clerk of this court, said bond to be conditioned upon the return of said children to the jurisdiction of this court in compliance with this decree."

The agreement of separation entered into between the parties is dated November 15, 1960. It provides that "It is the judgment of the parties that the following provisions constitute a fair and reasonable adjustment of the problems facing them, and one which is for the best interests of all concerned." It then provides, (1) for the custody of the children and visitation with them as provided in the decree of divorce as heretofore recited; (2) "Each party shall have as his separate or her separate and sole property the personal property that is presently in their possession"; (3) that the plaintiff in the case should have as his separate property Lot 43 of Fort Casper Addition to the City of Casper, Natrona County, Wyoming, and the 1957 Ford automobile; and (4) that if either party should file for divorce, the terms and conditions of the agreement should be incorporated in the decree of divorce.

Thereafter on December 24, 1960, fourteen days after the divorce decree was entered, the defendant, Nina Jeane Beard, married a man by the name of Barrier. On February 28, 1961, she, in the name of Nina Jeane Beard, filed a motion in the District Court of Natrona County asking that the decree of divorce theretofore entered be modified on account of defendant's excusable neglect, mistake and inadvertence and plaintiff's misrepresentation and mis-

conduct. The prayer of the motion is as follows:

"WHEREFORE, defendant moves the court as follows:

"1. That the decree of divorce made herein be amended insofar as it provides for child custody, support or lack of support of the minor children of the parties, a bond to be posted by the party having custody of the minor children, distribution of the property of the parties, the finding that the plaintiff is a fit and proper person to have the care, custody and control of the minor children of the parties, the binding effect of the Separation Agreement between the parties be amended and that defendant be relieved therefrom and these matters be relitigated and determined upon the basis of evidence presented to the court."

On March 17, 1961, the court entered an order that the decree of divorce might be reopened for consideration by the court insofar only as concerned the validity of the making and execution of the separation agreement; in other words, to ascertain, as the trial court later expressed it, whether any compulsion or oppression was used upon the defendant.

The matter came on for hearing before the court on April 13, 1961. On April 20, 1961, the court entered an order that the motion for modification should be denied. From that order the defendant has appealed to this court.

The only question before this court is as to whether or not the contract of separation was signed by the defendant voluntarily and intelligently. That is to say as to whether any compulsion or oppression was used to induce her to sign. There can be hardly any question that the court had a right to limit the question of modification of the decree and divorce to that point. See 49 C.J.S. Judgments §§ 302, 303. However, the restriction limiting the inquiry is not of importance. The defendant had in fact the opportunity to present all the matters mentioned in her motion to modify the decree. She testified to each and all of the matters of which complaint was made in the motion to modify the decree. And the final order of the court was not entered until the defendant had the amplest opportunity to present her case. Whether or not to modify the decree was in the sound discretion of the court. 49 C.J.S. Judgments § 300. Agreements such as were entered into by defendant and plaintiff are favored by the courts. That matter was fully discussed in Rinehart v. Rinehart, 52 Wyo. 363, 75 P.2d 390. Hence it would seem that if the agreement were entered into voluntarily and by competent persons and if the contract were not against public policy or against the best interest of the children, the only proper course for the court was to enforce it, or, rather, not to interfere with it. We have not been cited to any authority that the contract was against public policy. Nor has it been shown that the contract is prejudicial to the interest of the children.

The defendant in this case was twenty-three years of age at the time of the divorce. Judging from her testimony in the record before us, we rather think that she is a person of considerable intelligence. She did not, after due notice to her, appear in the case and defaulted. Counsel for defendant argues that courts do not favor judgments by default, but that rule has no application in the case at bar. Defendant did not want to defend the action. On the contrary, she was anxious to be divorced so that she could marry another man as soon as possible, which she did fourteen days after the decree of divorce was entered. On November 11, 1960, she went to Mr. Stewart, a counselor at law, in order to bring an action for divorce against the plaintiff herein. It seems that Mr. Stewart thought that she had hardly any grounds for divorce. She had no money to pay an attorney to represent her. On the suggestion of Mr. Stewart she conferred with the plaintiff in this case and it seems that on November 13 she and the plaintiff had a long discussion in connection with

the separation and divorce. As a result of the meetings between plaintiff and defendant and with Mr. Stewart, it was ultimately agreed that the plaintiff should pay for the divorce and be plaintiff in that action. It is hardly necessary to enter into any details of the evidence which was produced by the defendant. The court at one place asked the defendant when she was on the witness stand:

"Q. Was it an attachment for another man that brought about this separation with your husband? A. Not altogether, your Honor."

Again the court in questioning the witness asked:

"Q. * * * You were the one that wanted the divorce, were you not, you were pressing for it, you wanted to get out of this marriage? A. Yes, sir.

"Q. To marry this other man. A. Yes, sir, but also he was very agreeable to the divorce, he also wanted to too."

She testified that she read the agreement of separation before she signed it; that it was discussed before its preparation and signing; and that she made no objection to it to Mr. Stewart and signed it voluntarily. She consulted with her future husband during this time.

Toward the end of the testimony the court made the following statement:

"* * * I am satisfied from the testimony that this was a girl who was anxious to get out of her marriage. I suspect that that has happened. Now things have settled down, she is unhappy about what she has done, but there is nothing before me that would constitute a circumstance, which would give me any right as a court to set aside the agreement. * * *"

Again later the court said:

"I am going to take the view that these parties were both competent. I am satisfied from the testimony that Mr. Stewart simply set down that agreement which was reached between them, and apparently fairly. This girl was of age, life is real and life is earnest, she knew what she was doing. I think I would be completely out of line as Judge of this Court to attempt to upset the agreement under the circumstances by which it was reached. I assume also that at the time, and I think it is a fair deduction to be drawn * * * that the agreement was reached at a time when this woman was more concerned about leaving the establishment for another man than anything, and she will have, as far as I am concerned, to abide by her agreement until such time under the law a change in circumstances will warrant a change in the judgment."

The court accordingly refused to modify the agreement of separation between the parties and we can find no sound reason for interfering. In fact, we cannot see how the court could have acted differently in view of the rather discreditable conduct of the defendant.

■ As heretofore noted, the court made provision in reference to the children leaving the jurisdiction of the court and provided that a bond should be furnished if the children should be removed from the state. Counsel for the defendant objects to this provision. It is a common provision in divorce cases providing for the custody of children. Counsel has not referred us to any case which holds that the court did not have the right to add such a provision to the decree which was evidently made on the court's initiative. The judgment of the trial court herein is affirmed.

Affirmed.