**Norman R. MANNERS,**
**Appellant (Defendant),**

v.

**Sharlet Gay MANNERS,**
**Appellee (Plaintiff).**

**No. 85–41.**

Supreme Court of Wyoming.

Sept. 20, 1985.

Bert T. Ahlstrom, Jr., and Kay Snider Coffman, Cheyenne, for appellant (defendant).

Rhonda Sigrist Woodard of Woodard, Hecox and Epps, Cheyenne, for appellee (plaintiff).

Before THOMAS, C.J., ROSE, BROWN and CARDINE, JJ., and RODNEY M. GUTHRIE (Retired Justice).

BROWN, Justice.

Five years after a divorce decree was entered, the trial court executed an order based on appellee's petition modifying the child support provision of the decree of divorce. Appellant raises the following issues:

"The trial court erred in finding that the child support ordered in the original decree of divorce was unreasonably low.

"The trial court erred in finding that there had been a change in circumstances warranting modification of the divorce decree.

"The trial court erred in finding that the appellant could pay increased child support and maintenance in light of its order in the case filed June 22, 1984, and otherwise."

Appellee introduces another issue asking that appellant be ordered to pay her attorney's fees and damages incurred in defending this action.

We will affirm the trial court in modifying the decree, and will assess appellant attorney's fees and damages.

In September, 1979, appellant and appellee were divorced. At that time the parties had one child, Robert William, age 11. By agreement between the parties, appellant was ordered to pay $75 a month toward child support. At the time of the divorce it was known that Robert had a club foot and was mentally handicapped. Appellant did not pay any of the child support ordered by the court. In May, 1984, appellee filed a motion for an order to show cause why appellant should not be held in contempt of court and for a judgment for the arrearage in child support. On the same day, appellee petitioned for a modification of the 1979 decree of divorce. The two matters were heard and determined separately. In a judgment dated June 22, 1984, the court reduced the child support arrearages to judgment and provided for the judgment to be paid by installments. On November 16, 1984, appellee's petition to modify the divorce decree was heard. The court's order modifying the decree was filed December 28, 1984.

Although appellant only appeals the "Order Modifying Divorce Decree," he contends that both the judgment on arrearage and the order modifying divorce decree "are totally intertwined so as to call for consideration of both matters relative to this appeal."

▪ We will consider the arrearage judgment only insofar as it may affect appellant's ability to comply with the court's order modifying the divorce decree.

In her petition for modification of the divorce decree, appellee alleges eight changes in circumstances since the divorce on September 17, 1979, and the date of her petition for modification, May 14, 1984. These alleged changes and circumstances are summarized as 1) the great increase in cost of supporting Robert; 2) diminished resources available to support the parties' son; and 3) appellant's increased ability to pay child support.

In support of her change-of-circumstances allegations, appellee introduced evidence that:

(a) Robert, son of the parties, at the time of the hearing, was a little under 6'6" tall and required a size 16 shoe, required men's extra-large jeans, shirt and coat, and that items of clothing could not be purchased off the rack at a discount store as was the circumstance at the time of the divorce. There was evidence that at the time of the divorce, the average monthly expense for food, clothing and medical care for Robert was $146.25 a month. At the time of the modification hearing, the expense had increased to $329.17 a month.

(b) Robert, because of his club foot, had required surgery since the divorce; he will need further surgery and should now be wearing corrective shoes.

(c) Robert has been classified as "educable mentally retarded," has an IQ of 69, functions on a second and third grade level and is emotionally disturbed.

(d) Robert presently is unable to have any kind of a job and should not be left unattended.

In connection with appellee's diminished ability to provide care for Robert, she produced evidence that a) medical insurance coverage available immediately after the divorce is no longer available; b) Robert requires more attention, thus reducing time available to earn other income; and c) help from charitable organizations and others available after the divorce, is no longer available.

Appellant does not enjoy a large income; however, it increased almost $3,000 per year between 1980 and 1983. He has a small savings and an IRA account. He has enough income so that he can own a truck and two automobiles. He races one automobile in stock car races.

The court modified the September 17, 1979, divorce decree to provide that child support be "15% of [appellant's] gross income after deduction of the proper federal withholding tax, FICA and current life insurance payments. However, said child support shall not be less than $150 per month nor more than $200 per month." The order further requires appellant to pay one-half of all health, medical, dental, eyeglass and prescription drug expense incurred on behalf of Robert. Appellant was also ordered to maintain Robert as beneficiary of one-half of the proceeds of the life insurance which he currently has on his life.

▪ We will consider the issues appellant raises on appeal together. Whether or not to modify a divorce decree rests in the sound discretion of the trial court, and the court's determination will not be disturbed except for a grave abuse of that discretion or violation of some legal principle. *Harrington v. Harrington,* Wyo., 660 P.2d 356 (1983); and *Beard v. Beard,* Wyo., 368 P.2d 953 (1962). As a general rule, a divorce decree is res judicata on all issues decided. *Mentock v. Mentock,* Wyo., 638 P.2d 156 (1981); and *Heyl v. Heyl,* Wyo., 518 P.2d 28 (1974). The principle of res judicata is necessary to end litigation at some point. Oth-

erwise, the legal system would become unmanageable. However, in certain circumstances modification of divorce decrees is necessary. Before a modification is warranted, it must be shown that there has been a material or substantial change in circumstances which outweighs society's interest in applying the doctrine of res judicata. The burden of proof lies with the party seeking modification. *Mentock v. Mentock*, supra.

 In determining an appropriate support order, the requirements of the child are factors to be considered along with what a parent can reasonably be expected to pay. The income of the parents must be taken into consideration in determining whether there has been a change in circumstances which warrants a modification of the divorce decree. The fact that a change in circumstances was foreseeable is not fatal to a petition to modify a decree of divorce. *Mentock v. Mentock*, supra.

 We cannot say that the court abused its discretion in modifying the divorce decree to provide for a minimum of $150 per month child support and provide for certain medical payments and insurance benefits. Robert, son of the parties, is an unusually large boy with many physical and mental infirmities, and as indicated above, requires special treatment. The resources available to take care of Robert have diminished since the divorce in 1979. Appellant's income has increased slightly the last few years. Considering the numerous changes in circumstances, we cannot disagree with the trial judge in his determination "that there had been a substantial change in the circumstances of the minor child and the parties * * * since the divorce decree was entered which justifies an increase in child support and payments of other obligations." The fact that these changes could, in a measure, be foreseen is immaterial. *Mentock v. Mentock*, supra.

Appellant complains that he cannot pay the increased child support and also pay the arrearages ordered by the court in its order dated June 22, 1984. The court was very lenient with appellant. The arrearage payments were spread over many years. In determining the arrearage, the court did not add interest, nor does the judgment bear interest so long as appellant pays according to schedule. The court considered the burden of paying the arrearage and gave appellant a long, interest-free ride.

 A duty to pay child support is not satisfied merely by showing limited income. One obligated to support his child has a duty to make a good faith effort to generate enough income to discharge that obligation. Appellant really does not know if he can pay the child support ordered by the court. Until the order of modification, he had never paid any. Perhaps if appellant secured a part-time job instead of racing stock cars, he would improve his financial condition.

 In his first issue on appeal, appellant complains that the court found "that the amount of child support ordered in the divorce decree is unreasonably low." We do not attach any particular significance to this gratuitous finding. The court did not modify the divorce decree retroactively nor did it modify the decree an additional amount in order to make up for a low child support provision contained in the original decree. The amount appellant was ordered to pay initially under the modified order is still less than half the cost of supporting appellant's son.

 Appellee asks that appellant be ordered to pay attorney's fees and damages for requiring her to defend this appeal. Rule 10.05, Wyoming Rules of Appellate Procedure, provides:

"When, in a civil case, the judgment or final order is affirmed, appellee shall recover the cost for typewriting and reproducing his brief, such cost to be computed at the rate allowed by law for making the transcript of the evidence. Unless the court certifies *that there was reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court,* not less than one hundred dollars

($100.00) nor more than five hundred dollars ($500.00), to the counsel of the appellee, and to the appellee damages in such sum as may be reasonable, not exceeding one thousand dollars ($1,000.00), unless the judgment or final order directs the payment of money, and execution thereof was stayed, when in lieu of such penalty, it shall bear additional interest at a rate not exceeding five percent (5%) per annum, for the time for which it was stayed, to be ascertained and awarded by the court." (Emphasis added.)

Rule 10.05, W.R.A.P. requires that we assess attorney fees and damages against appellant unless we certify "that there was reasonable cause for appeal." We cannot make this certification. This appeal is without merit. Appellee not only incurred the expense of proceedings in the district court, but additional expense in this court, all because of appellant's dereliction. Accordingly, we will add a reasonable attorney's fee and damages as costs.

Affirmed.