Susan Elizabeth **KREUTER**, now Susan Elizabeth Disney, Appellant (Defendant),

v.

Jeffrey John **KREUTER**, Appellee (Plaintiff).

No. 86–111.

Supreme Court of Wyoming.

Dec. 10, 1986.

Fred W. Phifer, Wheatland, for appellant.

Mark L. Hughes of Hughes & Dumbrill, Sundance, for appellee.

Before THOMAS, C.J., BROWN, CARDINE, URGIBKIT, JJ., and RAPER, J., Retired.

RAPER, Justice, Retired.

The district judge, following a hearing, denied appellant's Motion for Modification of a divorce decree with respect to the custody of the child of the parties.

Appellant states the issues to be:

"1. Was Appellant[']s agreement to allow Plaintiff to have custody of the parties['] minor child obtained by fraud and duress?

"2. Did the Court abuse it's [sic] discretion in finding there has not been sufficient change in circumstances since the Decree of Divorce was entered to warrant a change in custody?

"3. Would a change in custody to her mother be in the best interests of the child, Amber Kreuter?"

Appellee believes the issues are:

"I. WAS APPELLANT'S AGREEMENT TO GRANT APPELLEE CUSTODY OF THE PARTIES' MINOR CHILD OBTAINED BY FRAUD AND DURESS?

"II. WAS THERE SUFFICIENT EVIDENCE TO WARRANT A MODIFICATION OF THE DECREE OF DIVORCE REGARDING CUSTODY OF THE PARTIES' MINOR CHILD PURSUANT TO WYOMING STATUTE § 20–2–113(a) [Cum.Supp.1986]?"

We will affirm.

The parties each filed a complaint for divorce on the same date, for temporary custody, alimony, child support, and attorney's fees. Appellant dismissed her proceedings and executed a property settlement, child custody, and support agreement, which granted custody to appellee. Entry of default was had, and a decree of divorce was entered shortly thereafter. Such decree approved the agreement entered into and its provisions were incorporated into the decree of divorce.

Section 20–2–113(a), W.S.1977, Cum. Supp.1986,[1] provides for modification of provisions for custody and support in divorce decrees but the "circumstances" there referred to must be a substantial or material change of circumstances which outweigh society's interest in applying the doctrine of res judicata to a final decree of divorce. There must be an end to litigation at some point, or the legal system would become bogged down so that nothing would ever remain decided. *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981). The burden of proof lies with the party seeking the modification that a substantial or material change has occurred subsequent to the decree. *Nuspl v. Nuspl*, Wyo., 717 P.2d 341 (1986); *Cubin v. Cubin*, Wyo., 685 P.2d 680, 684 (1984).

Decisions regarding child support and custody rest largely with the district court which we will not disturb in the absence of a grave abuse of discretion or violation of some legal principle. *Nuspl v. Nuspl, supra; Harrington v. Harrington*, Wyo., 660 P.2d 356, 360 (1983).

Remarriage by one of the divorced parents, standing alone, does not constitute a material change in circumstances sufficient to justify a change of custody. The best interests of the child are the paramount consideration in determining custody of a child. If changes in custody are made with every change in marital status of divorced parents, the lives of children of broken homes would be made miserable through recurrent efforts of parents to satisfy their own desires to have custody, and the paramount purpose would be defeated. This is particularly true where both parents are good and proper parents to have custody. *Laughton v. Laughton*, 71 Wyo. 506, 259 P.2d 1093 (1953).

" * * * emotional involvement of the parties tends to, in their eyes, magnify out of proportion the importance of all matters in connection therewith." *Harrington v. Harrington, supra*, 660 P.2d at 361.

We now apply the foregoing settled principles of law to the record and facts, adding such further citations and facts as may appear necessary.

## I

Appellant at the time of filing her complaint for divorce was represented by counsel. She was not employed and had no funds for attorney's fees, but was advised by her counsel that she could seek attorney's fees from her husband, but if not allowed by the court, she would be required

---

1. W.S. § 20–2–113 in pertinent part:

"§ 20–2–113. Disposition and provision for children in decree; * * *.

"(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

to pay them from funds she would have to obtain from wherever she could.

At the time appellant's complaint for divorce was filed, she did not know that her husband had preceded her in filing a complaint for divorce. Both requested custody of the child of their marriage, a daughter one year of age.

Appellant testified that appellee had given her money to go for groceries at a nearby town. While returning, she observed her husband driving down the highway in the opposite direction with their daughter with him. Appellant thought at the time he was going after some building material. She later determined from a note left by the appellee that he was on his way to his mother's home in Minnesota.

Appellant further testified that when appellee returned from Minnesota, he did not get in touch with her but she found out when she called his employer that he was back. He had arranged, prior to departing, for a trailer home and was living there with their daughter and his mother who had returned with him.

Appellant asserts that appellee and his mother kept after her to sign the necessary papers, so he could go ahead with the divorce and have custody of their daughter. It is the claim of appellant that she was threatened by appellee that if she did not sign, her name would be "blackened" around town. This is disputed by appellee who testified that he had only told her he was going to fight hard to obtain custody.

Appellant's further claim was that appellee had represented to her that they would get together again and both would then have their daughter. Appellee denied such representations and stated that he had never made promises to do so.

Appellant eventually requested her attorney to dismiss her divorce action and signed the agreement. She did not have advice of counsel nor was he present when she signed the agreement.

In explaining why she signed the agreement she testified she had no money, she had no place right then, and did not know where she would be and when she did, it would be "for temporary." She further testified that she knew appellee would not hurt her daughter and wanted to leave her with him, because the child had those necessities which she (appellant) could not provide. She has remarried and can now provide a home.

No serious question arose as to whether either of the parents was now unfit to have custody.

Aligning the law and the facts, the trial judge was correct in all respects in finding no material change in the circumstances of the parents which would justify a change of custody of their child. The district court did not abuse its discretion.[2] We consider this disposition reasonable under the circumstances.

In summary then, the only change is her remarriage and that, alone, is not a material change, particularly when both parties to a divorce are fit parents. That the child is a little girl is no consideration in the light of § 20–2–113(a), supra, stating that "no award of custody shall be made solely on the basis of gender of the parent." The best interests of the child are being served, as is the judicial principle of finality in its decrees.

## II

With respect to the issue of fraud, the appellant asserted that the agreement for custody of the minor child in appellee was

---

2. In *Lewis v. Lewis,* Wyo., 716 P.2d 347, 351 (1986), there was laid out the rule of this court with respect to determining when there has been an abuse of discretion:

"'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of

discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.' *Booker v. Booker,* Wyo., 626 P.2d 561, 563 (1981) (quoting *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980))."

obtained by fraud and duress imposed by appellee and his mother upon appellant with assurances that the parties would remarry and that if appellant did not agree, appellee and his mother would "blacken her name all over town and obtain custody anyway."

Rule 60(b)(3), W.R.C.P., provides for relief from a final judgment or proceeding for: "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;".

 While Rule 60(b) is a method by which a judgment or proceeding may be attacked, we fail to find it cited anywhere in the district court files and transcript, though both counsel agreed in oral argument to this court that the fraud issue was tried to the trial court. While not cited, its principles and authority are applicable for setting aside a decree of the district court in whole or in part, on the basis of the fraud alleged and proved to have occurred.

 While the trial judge never uses the words "fraud", "misrepresentation", or "other misconduct", it is obvious that he found that none of those conditions were present, even though he makes no direct reference to the language of the rule. For example, in his oral holding and written order, he stated that the evidence disclosed that when appellant filed her complaint for divorce, she was aware of her right to counsel and to seek custody of the child, support for herself, her child, and attorney's fees from her husband. The trial judge further found that appellant had

> "*voluntarily* entered into a Property Settlement, Child Custody and Support Agreement based upon the petitioner's [appellant's] belief it would be in the child's best interest for the father to have custody of the parties' minor child as he could provide for her basic needs and his family, friends, relatives, etc. were in the area."

There is substantial evidence in the record to support the trial judge's findings. This court has had occasion to deal with Rule 60(b) in the context of a divorce case in which fraud and misconduct were questions; the court after citation of authority in *McBride v. McBride,* Wyo., 598 P.2d 814, 816–817 (1979), stated that:

> " * * * Since the granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, on review the appellate court is limited to the question of whether there has occurred an abuse of the trial court's discretion. It was the appellant's burden before the trial court to bring her cause within the claimed grounds for relief and to substantiate by adequate proof the grounds that she claimed for relief. The rule applies to special situations justifying extraordinary relief, but a showing of such exceptional circumstances should be made. A reversal of an order denying relief under Rule 60(b) will be ordered only if the trial court clearly was wrong.
>
> \* \* \* \* \* \*
>
> " * * * fraud must clearly be established by adequate proof."

See also *Lewis v. Lewis,* Wyo., 716 P.2d 347, 351, supra.

We are not convinced that the trial court abused its discretion or that appellant carried her burden of proving fraud by clear proof.

Affirmed.