John Arthur ESPONDA, Jr.,
Appellant (Defendant),

v.

Brenda K. ESPONDA,
Appellee (Plaintiff).

No. 90–71.

Supreme Court of Wyoming.

Aug. 24, 1990.

Richard H. Peek, Casper, for appellant.

Lawrence A. Yonkee of Redle, Yonkee & Toner, Sheridan, for appellee.

Before THOMAS, URBIGKIT and MACY, JJ., and ROONEY and BROWN, Retired JJ.

ROONEY, Justice, Retired.

This appeal is from a determination by the district court that there was not a material and sufficient change in the circumstances of the parties to warrant a modification of the child support provisions of the court-approved stipulation entered into by the parties in connection with their divorce.

We affirm.

With reference to child support, the stipulation required payment by appellant of $250 per month for each of the two minor children of the parties.[1] In his Petition for Modification, appellant sets forth the basis upon which he relies for a change in the required amount of child support as follows:

"5. *Since the divorce Decree was entered between the parties*, there has been a material and substantial change of circumstances which would warrant a modification of the same pertaining to the payment of child support.

"6. Said material and substantial change of circumstances consists of the Defendant's change of employment and substantial reduction in gross and net month income." (Emphasis added.)

Actually, there was very little change in appellant's income between the time of the divorce decree and the time at which the Petition for Modification was filed. When the decree was entered, appellant was working at the family ranch (in which he had part ownership) for a monthly income of $1,000 plus room, board and use of a vehicle. When the Petition for Modification was filed, he was employed by the School District as a custodian at a monthly salary of $1,200.

However, appellant argues that the change in conditions should be based on income from a comparatively short-term employment by Hood Communications

---

1. The original stipulation required payment of $350 per month for each child. It was amended in open court to require payments of $250 per month per child from September 10, 1988 to September 10, 1992; $300 per month per child from September 10, 1992 to September 10, 1995; and $325 per month per child from September 10, 1995 until one of the children was no longer in appellee's care and custody after which it was agreed that the payment be $400 per month for the other child.

from March 1988 to September 2, 1988. He testified that his income from this employment was $3,000 per month. The hearing on the divorce (at which time the original stipulation was amended) occurred during appellant's employment by Hood Communications. The original stipulation (requiring higher payment for the present period) was agreed to before such employment, and the divorce decree was entered after the termination of such employment. Excepting the income received by appellant from Hood Communications, his income during the course of these proceedings has been approximately half of that received from Hood Communications.[2] The following chronology reflects the dates of appellant's pertinent employments as reflected in the record and as they pertain to dates of pertinent court proceedings:

| Date | Employment | Court Proceeding |
|---|---|---|
| 9/3/87 | | Complaint filed |
| 1/88 | Hood *Corporation* ($1,790/month)[3] | |
| 1/23/88 | | Original Stipulation entered into |
| 2/19/88 | | Original Stipulation filed |
| 3/88 | Started Hood *Communications* ($3,000/month) | |
| 8/26/88 | | Hearing—Stipulation amended in open court |
| 9/2/88 | Terminated with Hood *Communications* | |
| 10/15/88 | Started at Ranch ($1,000/month plus board, room and auto use) | |
| 11/15/88 | | Decree filed (incorporated stipulation) |
| 6/89 | Ranch employment terminated | |
| 7/89 | Started with School District ($1,200/month) | |
| 8/16/89 | | Petition for Modification filed |
| 12/12/89 | | Hearing on Petition to Modify |
| 12/29/89 | | Judgment signed |
| 1/04/90 | | Judgment entered |
| 2/90 | To be promoted by School District to bus driver ($1,560/month) | |

---

At the conclusion of the hearing, the district judge commented in part:

"I don't find there's been any change of circumstances in this situation. There

2. There was evidence of income from sources other than employment, e.g., sale of sheep, mineral royalty, trustee fee, but there was no evidence of a change therein.

3. Appellant testified on cross-examination:
"Q Now, when did you go to work for Hood Communications?
"A In March of—or, no, November of '87.
"Q And you were employed by that company in January of 1988, and at that time, your salary or your income from Hood was $396 a week. Is that—I'll tell you, what I'm looking at is your Answers to Interrogatories.
"A Yes. That was Hood—the Hood Corporation.

"Q Hood Communications, 21214 Center Place, Anaheim, California; that's correct?
"A I was not employed by them at that time. I was employed by Hood Corporation at that time.
"Q But anyway, your rate of pay was $396 a week?
"A Yes.
"Q And that was the time that you signed the first stipulation in the case whereby you agreed to pay $350 a month child support for each of the children?
"A Yes."

was no real employment history of any income level for Mr. Esponda at the time this agreement was entered into. He had a job that he had had for a very brief period of time, but there's been no basis given to this Court from the evidence presented here as to what, you know, what he anticipated his real income level was other than just testimony that he had started to work just a short time before this divorce thing at that job that he was making $3,000 a month. I assume before that he was on the ranch doing something else, you know. He had several other things that are involved here with land and livestock.

"I don't find anything that is a sufficient change of circumstances for this Court to reduce the amount of support, * * *."

In this appeal, appellant contends that the trial court abused its discretion. Appellant words the issue on appeal:

"Did the trial Court abuse its discretion in finding that there was not a sufficient change in circumstances since the divorce proceeding and the entry of the decree to warrant a modification by reducing the child support to be paid by the Appellant?"

In *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980), we stated:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Eager v. Derowitsch*, 68 Wyo. 251, 232 P.2d 713 (1951); *Anderson v. Englehart*, 18 Wyo. 409, 108 P. 977 (1910); *DiPalma v. Wiesen*, 163 Conn. 293, 303 A.2d 709 (1972); *In re Estate of Horman*, 265 Cal.App.2d 796, 71 Cal.Rptr. 780 (1968)."

In *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986), this court stated:

"We have usually alluded to abuse of discretion in general terms and have not made an exhaustive list of circumstances constituting abuse of discretion, nor do we care to. Each case must be determined on its peculiar facts."

■ The district court could reasonably conclude as it did under the evidence in this case, i.e., it could conclude that there was not a material and substantial change in appellant's average income since he stipulated to the amount for child support as contained in the decree—he agreed to an even greater amount in the original stipulation. Recognizing the considerations necessary in fixing the amount of child support, the trial court did not here act in a manner which exceeded its bounds of reason under the circumstances. It did not abuse its discretion.

Appellant himself accurately sets forth some of the considerations for the trial court in instances such as this:

"Appellant filed his petition for modification pursuant to the provisions of W.S., Section 20–2–113(a). The indicated section allowed the court to revise the decree concerning the maintenance of the children as the circumstances of the parties and benefit of the children required. The change in the circumstances must be substantial or material in order to outweigh society's interest in applying the doctrine of res judicata to a final decree of divorce. There must be an end to litigation at some point, or the judicial system would become bogged down. *Kreuter v. Kreuter*, Wyo., 728 P.2d 1129 (1986); *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981). Appellant had the burden of proof to show that a substantial or material change of circumstances had occurred subsequent to the divorce proceedings. *Nuspl v. Nuspl*, Wyo., 717 P.2d 341 (1986); *Cubin v. Cubin*, Wyo., 685 P.2d 680 (1984); *Kreuter v. Kreuter*, supra.

"Decisions regarding child support rest largely with the district court, and this Court will not disturb the trial court's decision in the absence of a grave abuse of discretion or in violation of some legal principle. *Kreuter v. Kreuter*, supra; *Nuspl v. Nuspl*, supra;

*Manners v. Manners,* Wyo., 706 P.2d 671 (1985). This Court has repeatedly held that an abuse of discretion has been said to mean an error of law committed by the court under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. The reviewing Court cannot substitute its judgment for that of the trial court, whose judgment must be sustained unless clearly erroneous, manifestly wrong, or totally against the evidence. *Roberts v. Vilos,* Wyo., 776 P.2d 216 (1989)."

The district court considered the financial condition of the appellee: monthly salary of $1,000 as secretary at First United Methodist Church, extra work when available for $4.00 to $5.00 per hour at the Water Hole Bar, the Moose, and at a concession stand. She worked "60 to 70 to 80 hours a week most of the summer." The children are taken care of by her parents after school. She and her children eat at her parents' home regularly. Her itemized expenses exceed her income.

The district court commented in part at the conclusion of the hearing for modification:

"What I find here is Mrs. Brenda Esponda seems to make ends meet because she's willing to work 60, 70 to 80 hours a week, and that if Mr. Esponda has to work 60, 70 to 80 hours a week to pay, I guess he's going to have to do it."

Thus, the district court obviously took the welfare of the children into consideration. Appellee properly refers to *Broyles v. Broyles,* 711 P.2d 1119 (Wyo.1985); *Bereman v. Bereman,* 645 P.2d 1155 (Wyo. 1982); and *Mentock v. Mentock,* 638 P.2d 156 (Wyo.1981), to note the necessity for the court to consider the resources and circumstances of both parents as well as the needs and interests of the children, with the paramount concern being the welfare of the children, in connection with child support proceedings.

Applying such established law to this case, the district court did not abuse its discretion or act totally against the evidence in a clearly erroneous fashion.

Appellant contends on appeal that the amount for child support exceeds that authorized by W.S. 20–6–303 [4] and W.S. 20–6–304.[5] W.S. 20–6–303 provided:

"The basic child support obligation may be apportioned between the parents in proportion to their incomes. Four hundred fifty dollars ($450.00) income per month per parent shall be considered to be a minimum living allowance and shall not be subject to child support obligation."

W.S. 20–6–304 provided:

"Child support for each child shall not exceed twenty percent (20%) of the balance of the gross income of the obligor after the deduction of the minimum living allowance established in W.S. 20–6–303. Total child support shall not exceed fifty percent (50%) of the gross income of the obligor after the minimum living allowance has been deducted."

However, a computation based upon appellant's gross income (including that from all sources and not only that received from the school district) reflects the award to be well within the statutory guidelines. This issue was not presented to the trial court, and, normally, we will not consider matters raised for the first time on appeal unless they go to jurisdiction or are otherwise of a fundamental nature. *Dennis v. Dennis,* 675 P.2d 265 (Wyo.1984); *Gore v. John,* 61 Wyo. 246, 157 P.2d 552 (1945). We note the inapplicability of the statutes to this case because they *may* be said to establish a fundamental right or limit jurisdiction—all without a determination by us that such is done and without otherwise ruling on any aspect of the statutes.

Affirmed.

---

4. Repealed effective July 1, 1990.

5. Amended effective July 1, 1990.