Thomas David ROBERTS,
Appellant (Plaintiff),

v.

Carol A. ROBERTS, Appellee
(Defendant).

Carol A. ROBERTS, Appellant
(Defendant),

v.

Thomas David ROBERTS,
Appellee (Plaintiff).

Nos. 90–292, 90–293.

Supreme Court of Wyoming.

Sept. 10, 1991.

Thomas David Roberts, pro se.

Robert W. Brown of Lonabaugh and Riggs, Sheridan, for Carol A. Roberts.

Before URBIGKIT, C.J., ROONEY, J. (ret.), and GRANT, HANSCUM and LANGDON, District Judges.

## OPINION

HANSCUM, District Judge.

In this appeal, we are called to pass upon the correctness of an application of the child support guidelines in a modification-of-divorce-decree context, not upon the efficacy of the guidelines in the establishment of an initial child support award. Rather oxymoronically, the guidelines, though styled "guidelines," create a rebuttable presumption. Deviation from this presumption, utilizing certain factors, is permitted. The district court deviated from the guidelines by ordering the husband to pay a higher amount in child support payments than he would have been required to pay under the guidelines, taking into consideration other relevant factors including the comparative incomes of the parties and the general import of the parties' original agreement. The district court denied the husband's request to modify the original decree to give mid-week visitations to him. The husband appeals these determinations, claiming the district court abused its discretion. The district court also deleted an escalator provision from the original decree and declined to award attorney's fees to the wife, from which determinations the wife filed a cross-appeal.

Finding that the child support guidelines statutes were correctly applied and that the district court did not abuse its discretion, we affirm.

## Facts

Thomas David Roberts (the husband) and Carol A. Roberts (the wife) were divorced in June 1986. The divorce decree incorporated the provisions of the child custody and property settlement agreement which had been executed by the parties. The husband agreed and the decree ordered him to make child support payments for the parties' two minor children. Relative to this issue on appeal, the pertinent portion of the decree reads:

[The husband] shall pay to [the wife] each and every month for the support of the parties' minor children $312.50 per child, or a total of $625.00 per month commencing June 1, 1986. On the first day of May, 1987, the child support shall be increased by $25.00 per month per child, or a total of $50.00 monthly, and the child support shall continue to be increased by $25.00 per child per month on the first day of May in each year until [the husband] is paying a total of $1,025.00 per month, at which time the child support shall remain at that figure and shall be payable each and every month until the children reach their legal age, become earlier self-supporting or otherwise emancipated, or until further order of the Court. However, during the month of July in each year no child support shall be payable by [the husband] to [the wife].

On July 5, 1990, the husband filed a petition to modify and enforce the divorce decree. The petition asserted that, under the guidelines and definitions of recently enacted Wyo.Stat. §§ 20–6–301 to –306 (Supp.1990), the husband should be bound to pay only $613.38 per month in child support payments. By virtue of an application of the escalation provision in the divorce decree, the husband was paying $825 per month at the time he filed the petition; thus, a change of circumstances was alleged to require an adjustment of the child support payments downward to the guidelines level. The petition also sought further modification of the decree by providing for a mid-week visitation between the husband and his children.

On July 20, 1990, the wife filed a response to the husband's petition to modify the divorce decree which resisted the changes sought by the husband, alleging that the husband's salary had actually increased since the decree and that the applicable provisions under §§ 20–6–301 to –306 did not indicate that a reduction in the husband's child support obligations would be appropriate. The wife asserted that, as the primary custodial parent, it was within her discretion to deny additional visitation periods outside of the decree. The wife also requested an award of attorney's fees.

A hearing on the petition to modify the divorce decree was held on September 14, 1990. The evidence revealed that both parties were gainfully employed at the time the decree was entered. The husband's 1986 "adjusted gross income" was $29,022. No evidence was presented to the court to enable computation of the husband's "net income" during the year 1986. In 1990, the husband's "net income" (after deducting for personal income taxes, social security and mandatory retirement contributions, dependent health care insurance, and other court-ordered child support obligations per § 20–6–301(a)(ii)) was $2,122.92 per month ($25,475.04 per annum). Testimony at the hearing established that the wife's 1990 "net income" was approximately $1,800 per month (approximately $21,600 per annum).

After hearing all the evidence presented upon the petition, the district court issued an order modifying the decree to vacate further escalation of the husband's child support obligations and to maintain the total amount of the child support payments at $825 per month, unless under statutory guidelines there would be cause for the husband to be required to pay more than that amount. The court made a finding that no evidence was presented to demonstrate the husband's change of circumstances warranted a reduction in his child support obligations. In fact, the court found that the evidence indicated the husband was earning more at the time of the hearing than he was earning at the time the divorce decree was entered. The court found further that it was reasonable, with regard to visitation, to give discretion to the primary custodial parent and to not modify the decree to establish mid-week visitations. The district court denied the award of attorney's fees.

The husband appeals from those findings denying a reduction in the amount of his child support obligations and a modification of the decree to establish mid-week visitations. The wife cross-appeals from those portions of the court's decision which eliminate the child support payment escalation clause and which deny attorney's fees.

I.

*The district court did not abuse its discretion when it determined whether there was a substantial or material change of circumstances to justify modifying the child support obligations set out in the existing divorce decree.*

Section 20–6–304(a) establishes guidelines to be used in determining the amount of a child support obligation on the basis of the obligor's monthly net income and the number of children to be supported. In seeking modification of an existing child support obligation, a party may petition the appropriate court to consider whether a change of circumstances exists sufficient to justify a modification of the child support order. If, upon applying the guidelines of § 20–6–304 to the parties' circumstances at the time of review, the court finds the amount of child support payments would change by twenty percent or more per month from the amount under the existing order, "the court *shall* consider there to be a change of circumstances *sufficient to justify* the modification of the support order." Section 20–6–306(a) (emphasis added).

However, applying the guidelines established by § 20–6–304 when a party is seeking to modify an existing child support order, a court *may* deviate from the guidelines if it issues a finding on the record that application of the guidelines would be unjust or inappropriate in that particular case. Section 20–6–302(b). We agree with the district court's finding:

Child support agreements made prior to the enactment of the statutory child support guidelines (§ 20–6–301 through § 20–6–306 W.S.) do not necessarily have to be changed simply because of the enactment of the statutory guidelines.

In making its determination as to whether to deviate from the child support guidelines, the court *may* consider the list of factors and the parties' original agreement and weigh their relevance.

■ This Court has recognized that, under certain circumstances, modifications of divorce decrees are necessary. *Mentock v. Mentock,* 638 P.2d 156 (Wyo.1981). However, for a modification to be warranted, it must be established that there has been a material or substantial change in circumstances which outweighs society's interest in applying the doctrine of *res judicata. Parry v. Parry,* 766 P.2d 1168 (Wyo.1989); *Nuspl v. Nuspl,* 717 P.2d 341 (Wyo.1986); *Broyles v. Broyles,* 711 P.2d 1119 (Wyo. 1985); *Manners v. Manners,* 706 P.2d 671 (Wyo.1985); *Mentock,* 638 P.2d 156. In *Mentock,* 638 P.2d at 158, this Court held that the petitioning party, in order to be entitled to prevail in a modification-of-child-support action, needed to establish that the parties' circumstances had so changed as to warrant disregarding the finality of the existing order. Thus, the party seeking the modification has the burden of proving that a substantial or material change has occurred subsequent to the existing decree. *Nuspl,* 717 P.2d at 345; *Manners,* 706 P.2d at 675. In this case, the husband (the party who initiated the modification proceedings) sought to meet his burden to demonstrate the existence of a material change in circumstances by utilizing §§ 20–6–304 and 20–6–306(a). Evidence at the modification hearing showed a change in the husband's circumstances which would result in a change of the child support amount in excess of twenty percent, which the district court duly noted in its order modifying the divorce decree.

The district court, in deviating from the strict application of the child support guidelines set out in § 20–6–304, used its discretionary powers to consider at least two factors it deemed relevant to this particular case. Section 20–6–302(b)(xi) dictates that the court may consider the "net income and financial condition of each parent relative to each other," as well as "[o]ther factors deemed relevant by the court" under § 20–6–302(b)(xiii).

■ This Court, in *Manners,* 706 P.2d at 675, found, "In determining an appropriate support order, the requirements of the child[ren] are factors to be considered along with what a parent can reasonably be expected to pay." The district court must take into account the parents' income when it is determining whether there has been a change of circumstances which warrants a modification of the existing order. *Nuspl,* 717 P.2d at 345; *Manners,* 706 P.2d at 675; *Mentock,* 638 P.2d at 159. Thus, there is a "necessity for the court to consider the resources and circumstances of both parents as well as the needs and interests of the children, with the paramount concern being the welfare of the children, in connection with child support proceedings." *Esponda v. Esponda,* 796 P.2d 799, 802 (Wyo.1990). In this case, the district court made a finding of fact that no evidence presented to the court during the hearing supported the existence of the requisite change in circumstances which would affect the amount of child support obligated at the time of the proceeding. The court further found that the husband's ability to pay anticipated increases in child support payments had not been realized, while the wife's ability to assist in supporting the children had increased. The court acted properly in deviating from the child support guidelines and in considering the net income and financial condition of each parent when it passed upon the modification of the original child support obligations.

■ The district court is given broad discretion in considering other factors which it deems to be relevant to the proceeding. Although the district court found the escalation provision to be onerous and set it aside, child support agreements entered into by the parties are favored by the courts. *Beard v. Beard,* 368 P.2d 953 (Wyo.1962). This Court has established:

[I]f the agreement were entered into voluntarily and by competent persons and if the contract were not against public policy or against the best interest of the children, the only proper course for the court was to enforce it, or, rather, not to interfere with it.

*Id.* at 955. The record is devoid of any authority indicating that the agreement was against public policy, and there has been no showing that the contract is prejudicial to the interests of the children. The court cannot ignore the child support agreement as though it did not exist. *Mentock*, 638 P.2d at 159. The parties entered into the agreement voluntarily and in good faith. Therefore, the district court acted reasonably when, in not strictly adhering to the child support guidelines, it considered the child support agreement as a relevant factor. The district court gave deference to the agreement in acting upon the request to modify the level of child support payments, and yet it acted in equity by acknowledging the change of circumstances in the level of forecasted career advances which underlay the escalator provisions and made enforcement of them inequitable.

The husband contends that the district court abused its discretion. In *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980), this Court stated:

A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

*See also Esponda*, 796 P.2d at 801. This Court further reasoned:

We have usually alluded to abuse of discretion in general terms and have not made an exhaustive list of circumstances constituting abuse of discretion, nor do we care to. Each case must be determined on its peculiar facts.

*Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986).

In *Harrington v. Harrington*, 660 P.2d 356, 360 (Wyo.1983), this Court determined that, when reviewing a district court's decision relating to child support obligations, an abuse of discretion standard is appropriate. In *Esponda*, 796 P.2d at 801, we held:

The district court could reasonably conclude as it did under the evidence in this case, i.e., it could conclude that there was not a material and substantial change in appellant's ave, ge income since he stipulated to the a... nt for child support as contained in the decree—he agreed to an even greater amount in the original stipulation. Recognizing the considerations necessary in fixing the amount of child support, the trial court did not here act in a manner which exceeded its bounds of reason under the circumstances. It did not abuse its discretion.

This Court has long recognized that decisions regarding child support awards are within the discretion of the district court and will not be disturbed absent a grave abuse of that discretion. *Harrington*, 660 P.2d at 360. When applying such established law to a modification case, we deem that the district court acted reasonably in reaching its conclusions and, as such, did not abuse its discretion.

In passing, it should be noted that the efficacy of the guidelines in establishing an initial child support award is not raised by this appeal. Employment of the "other relevant factors" test in the establishment of an original child support award will not involve assessing the vitality and weight to be accorded to an existing agreement. Hence, the strength of the guidelines in establishing an initial child support award should not be underestimated.

## II.

*It was not an abuse of discretion by the district court when it did not modify the original decree to give mid-week visitations to the husband.*

■ Though the husband's argument may have some attraction in the ideal par-

ent-child world and the district court's denial may seem harsh, the ideal is not reflected in this particular restructured parental relationship. The husband's argument lacks any substantive authority which would tend to show the district court abused its discretion in not modifying the order to include mid-week visitations. In custody proceedings, the court's paramount concern is the children's welfare. *Nuspl,* 717 P.2d at 345; *Bereman v. Bereman,* 645 P.2d 1155 (Wyo.1982). No evidence was introduced at the hearing which demonstrated that the children's welfare would be compromised without the imposition of mid-week visitations. The husband failed to show that the decree had been violated in the past or that the wife had acted in bad faith with regard to agreed-upon visitations under the child custody agreement voluntarily entered into by the parties. The district court acted reasonably in giving deference to the party with primary custody and did not abuse its discretion.

### III.

*The district court did not abuse its discretion in not awarding attorney's fees to the wife.*

██ The statutory language of Wyo. Stat. § 20–2–111 (1987) provides, "[T]he court *may* require either party to pay any sum necessary to enable the other to carry on or defend the action." (Emphasis added.) This wording has been interpreted to authorize the reimbursement of a party's attorney's fees in proceedings to modify or enforce divorce decrees. *Broyles,* 711 P.2d at 1129. However, the court has broad discretion in deciding whether to award attorney's fees pursuant to this statutory provision. *Id.*

The wife would have this Court adopt the position presented in *Heyl v. Heyl,* 518 P.2d 28 (Wyo.1974), where this Court found that the appellant placed upon the appellee the burden of protecting her position and that the record revealed no affluence upon the appellee's part which should compel her to pay for the defense against the claim for modification. Here, in its denial of attorney's fees, the district court reasoned,

"Both parties [shall] pay their own attorney fees and costs. There was enough to argue about." The mere fact that the decree was modified with respect to the escalation provision of the child support obligations indicated that the district court felt the arguments presented had merit. If the record had established that the wife needed the allowance of attorney's fees to enable her to defend against the husband's action to modify the decree, an award of attorney's fees may have been warranted. *Broyles,* 711 P.2d at 1129. The wife was gainfully employed at the time of the hearing, and, as such, the wife did not establish the requisite need for an allowance of attorney's fees so that she could defend the action to modify the decree.

Accordingly, the district court acted reasonably in refusing to award attorney's fees to the wife for defending the action to modify the decree. The district court has broad discretion in its determination as to whether to award attorney's fees pursuant to § 20–2–111, and it did not abuse its discretion in this case.

### Conclusion

In sum, this Court finds no abuse of discretion in the manner the district court applied the child support guidelines in arriving at an appropriate child support award in a modification context. Nor can this Court discern any abuse of discretion in the district court's denial of the requested additional visitations. The Court also finds supportable the district court's decision deleting the escalator clause upon the showing of changed circumstances and in the exercise of equitable discretion. Finally, the nonaward of attorney's fees is sustainable.

Affirmed.