**Sarah Alton CUMMINS, Appellant (Defendant),**

v.

**ALBANY COUNTY CREDIT & COLLECTION BUREAU, INC., a Wyoming corporation, Appellee (Plaintiff).**

No. 91–75.

Supreme Court of Wyoming.

Dec. 13, 1991.

Sarah Alton Cummins, pro se.

Paul D. Schierer, Pence and MacMillan, Laramie, for appellee.

Before URBIGKIT, C.J., THOMAS and MACY, JJ., and ROONEY and BROWN, JJ. (Retired).

ROONEY, Justice, Retired.

Appellant appeals from a judgment entered February 25, 1991, against appellant "jointly and severally with the Judgment previously entered against" appellant's husband.[1] She words the issue on appeal: "Can a spouse be held responsible for the payment of a debt incurred solely by the other spouse?" She argues that, under the circumstances of this case, she is not responsible for the debt.

We affirm.

As noted by appellee, neither this court nor the district court need consider this issue inasmuch as the appellant, through counsel, stipulated to the entry of the judgment against her. The November 26, 1990 judgment against appellant's husband recited in part:

"Plaintiff and Defendant Sarah A. Cummins have stipulated to an agreement which the Court approves, wherein Judgment will be entered against Defendant George Coury Cummins and execution may be had thereon. On or about January 15, 1991, Plaintiff has the right to proceed against Sarah A. Cummins for any deficiency balance remaining due on the accounts in Plaintiff's Complaint, by motion and affidavit. Any Judgment entered against Sarah A. Cummins as a result of this conditional ruling shall be

---

1. Appellee instituted this action against both appellant and her husband for payment of medical bills incurred for medical treatment and services rendered to the husband subsequent to a time at which appellant and her husband were sepa-

rated in 1982, but not divorced. The account was turned over to appellee for collection. On November 26, 1990, a summary judgment was entered against appellant's husband.

joint and several with George Coury Cummins."

The judgment from which this appeal is taken recites that the matter came before the court upon a motion "pursuant to a Stipulation of the parties previously" made.[2]

Stipulations are favored by courts. *Beard v. Beard,* 368 P.2d 953, 955 (Wyo. 1962); 83 C.J.S. *Stipulations* § 2 (1953). *See Bard Ranch, Inc. v. Weber,* 538 P.2d 24, 31 (Wyo.1975) (citations omitted) stating that "[t]he parties are bound by the stipulation of facts just as they are bound by admissions in pleadings."

> "The parties may stipulate to extend the time for rendition of judgment, as to the character of the judgment or order to be entered, and various other matters in connection with judgment or execution, but they cannot stipulate as to the meaning or effect of the judgment."

83 C.J.S. *Stipulations* § 10(f)(12).

Appellant does not dispute the fact that the stipulation was made in open court or that it was other than as recited in the November 26, 1990 judgment.

Both the district court and this court are bound by, and must enforce, the stipulation made in this case.

Affirmed.

---

2. About a month after the January 15, 1991 date contained in the judgment against appellant's husband, appellee filed and served a motion for entry of judgment against appellant. It was supported by affidavit reciting non-payment by husband. The motion was not contested and the judgment against appellant was entered.