John J. NUSPL, Appellant (Plaintiff),

v.

Martha Marie NUSPL, Appellee (Defendant).

No. 85–191.

Supreme Court of Wyoming.

April 10, 1986.

Rex O. Arney, of Redle, Yonkee & Arney, Sheridan, for appellant.

No appearance for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This appeal invokes the propriety of taking judicial notice of the cost of raising a child to justify a modification order increasing support payments as a matter of evidence and exercised discretion. We reverse and remand.

## BACKGROUND

Martha Nuspl, appellee, and John Nuspl, appellant, were divorced in Wyoming in 1976. The divorce decree granted custody of the couple's three children, then ages eight years, six years, and eight months, to appellee and ordered child support in the amount of $125 per month per child. At the time the decree was entered appellant earned approximately $17,800 a year, and appellee was not working.

A petition for modification of the decree filed by the mother in March, 1985, sought an increase in child support. In addition, the petition asked for two other modifications: allowing her to claim the children as dependents for income tax purposes, and requiring the father to share that cost of the children's medical expenses which was not covered by insurance. A hearing was held in July, 1985, with the parents as the only witnesses. The mother, who has not remarried, testified that she and the children had moved to Texas, where she ob-

tained a teaching job. She also testified with regard to the expenses for raising the children, emphasizing the increase from the time of the divorce. In support of this testimony, she introduced an exhibit detailing her monthly expenses which showed that the expenses exceeded her monthly net income by approximately $40: $1,834 income (including the $375 received for child support) and $1,872 expenses. Her evidence further showed that the father's annual gross income increased from $17,-000 to $38,000 in the past nine years.

The father testified as to his income and expenses by stating that his expenses were approximately $2,475 and his "take home" income was $2,100 per month. He also had an income tax refund of approximately $2,800 from the 1984 tax year. His expenses were for his second wife and their two young children.

From this evidence, the trial judge found that there had been "a tremendous increase" in both the father's earnings and the cost of living from then to now, which, together with the children being older, created a change of circumstances. The judge concluded that there had "been material changes of circumstances," and accordingly modified the child support obligation. In making this modification, the trial court stated that both parties were in the same situation. "Nobody can afford it, but the fact of the matter is, there are children and they require support." The court ordered a decree modification whereby each party would contribute to the children's support amounts directly proportional to parental incomes. Appellant, earning $38,000 per year, would contribute $38/60$, while appellee, earning $22,000, would contribute $22/60$. The court applied these fractions to what it determined to be the cost of raising children, i.e., $400 per month for one child, $600 for two children, and $700 for three. The final result was that appellant was ordered to pay $475 each month while there were three minor children, $380 while there were two, and $250 while there was one

minor child.[1] The court also held each party liable for one-half any medical expenses not covered by insurance, and that appellee could claim two of the children for income tax purposes.

Appellant raises the following issues in his appeal from this modification: [2]

"1. Did the trial court err in taking judicial notice of studies showing the cost of supporting children?

"2. Did the trial court abuse its discretion in granting Defendant's Petition to modify the child support provisions of the Decree of Divorce?"

## JUDICIAL NOTICE

The father asserts that the trial court unacceptably took judicial notice of unspecified studies to ascertain the cost of raising children.

In arriving at his decision, the trial judge stated: "I have tried to figure this out by looking at different studies around * * *." He then recalled that the cost of raising children was as stated above. Counsel for appellant requested a citation of the studies upon which the trial court relied, since none were introduced in evidence, and the trial judge responded that he was not sure that there was any particular one upon which he had relied, although there was a study by the Agriculture Department and the State of Wyoming showing the cost to be $400 for a single child.

Rule 201, W.R.E., governs the taking of judicial notice of adjudicative facts. It provides that a court may take judicial notice even if not requested, and may do so at any stage of the proceeding. Subsection (b) limits judicial notice:

*"Kinds of facts.—*A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Subsection (d) also operates to limit judicial notice in that it provides the opportunity for a party to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.

Concerning this opportunity for notice, Louisell and Mueller, Federal Evidence § 58, p. 449 (1977) states:

" * * * The question always to be answered is whether the court has in fact embodied in its findings or opinion an adjudicative fact not found in or supported by the formal evidence in the case, and if so, whether the fact in question is a fact properly noticeable."

There is no doubt that, in this case, the trial judge embodied in his findings and opinion the cost of raising a child. Neither party introduced evidence concerning the average cost of raising a child, yet the court modified the support payments based on the "fact" that it costs $400, $600 and $700 to raise one child, two and three children, respectively. The question is whether that fact should be properly noticed under the Wyoming Rules of Evidence.

The advisory comment to Rule 201, F.R.E. (the same as Rule 201, W.R.E.), describes the proper circumstances for taking judicial notice. In order to dispense with the usual method of establishing adjudicative facts, introducing evidence ordinarily consisting of the testimony of witnesses, judicial notice dispenses of this pro-

1. The court deviated slightly from applying these fractions to the cost of raising children, since ³⁸⁄₆₀ would have placed appellant's obligations at $443, $380 and $253 a month.

2. Appellee was not represented in the appeal, as her trial counsel withdrew by permission of the trial court after appellant filed his notice of appeal. Although appellee attempted to file a brief she was late in doing so under Rule 5.06, W.R.A.P. The case was submitted by appellant, with oral argument, as provided in Rule 5.11, W.R.A.P., which states in part:

"When the party holding the negative has failed to file and serve his brief as is required by these rules, and the brief of the party holding the affirmative has been duly filed and served within the time required, the party holding the affirmative may submit the case, with or without oral argument, and the other party shall not be heard. * * *"

cess as unnecessary. The comment goes on to note that "[a] high degree of indisputability is the essential prerequisite." Louisell and Mueller, supra, § 57, p. 439, in speaking of this indisputability requirement and facts readily verifiable, notes that:

"A major risk when the trial judge resorts to outside sources to verify facts is that he may choose to decide the whole dispute on the basis of his own independent research. * * * [S]uch procedure should be discouraged, at least until the parties are given ample opportunity to examine the sources in question before the judge formulates his own opinions and to present arguments upon the meaning of such sources and suggest additional sources."

■ The fact noticed in the present case was the "cost" of raising one, two and three children. We do not think it arguable that this "fact" can be generally known within the jurisdiction of the trial court, and because such cost varies widely, depending on a myriad of circumstances, we do not find that it is a fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The cost of raising these children is subject to reasonable dispute; it is not capable of accurate determination by resort to any study. The cost of raising a child is the heart of the controversy in support proceedings, and it will vary in each case depending upon the child's health, educational needs, age, and a host of other circumstances including, specifically, the economic circumstances of the parents.

Even though the "average cost" of raising a child was disclosed in studies relied on by the trial court in this case, taking judicial notice of such cost created two problems. First, the risk of the trial court deciding the whole dispute on the basis of his research, without allowing the parties opportunity to attack the accuracy or relevance of the studies, became real. The second problem springs from the first. In determining the dispute on the basis of the studies, the trial court failed to consider all of the circumstances unique to this case.

We note the case of *Martin v. Brasseaux*, La.App., 422 So.2d 548 (1982), where the Louisiana Court of Appeal rejected the trial court's determination of a support award based solely on the court's judicial notice of the cost of raising a child. That court stated:

"There is no authority whatsoever to support the proposition that a trial court may take judicial notice of the costs of supporting a child. * * * [P]laintiff, in an action for child support, has the burden of proving what the needs of the child are by a preponderance of the evidence." 422 So.2d at 553 asterisk.

*Moore v. Moore*, 173 Conn. 120, 376 A.2d 1085 (1977), draws an appropriate distinction. There the trial court had properly taken judicial notice that the children were four and one-half years older since the original decree, and that there had been inflation. However, it was not proper to judicially notice that there were commensurately greater costs for clothing and maintenance. The case held that this was true because it is arguable whether a child's expenses increase commensurately with age (albeit not a very valid argument in the real world of teen-age children in modern society). The vice of the argument is a mathematical formula approach, not specifically related to existent factors of the individual case.

The foregoing cases support our conclusion that it was improper to take judicial notice of the cost of raising a child. Whether it costs $700 to support three children is a question subject to dispute, since the answer is obviously variable and dependent upon many circumstances.

### ABUSE OF DISCRETION

Appellant further claims that the trial court abused its discretion in granting appellee's request for modification. There is no dispute with the court's determination that there was a substantial or material change in circumstances. Instead, appellant contends that when it ordered the in-

crease in support the trial court failed to consider his ability to pay, as well as other circumstances.

■ Section 20–2–113, W.S.1977, 1985 Cum.Supp., allows for modification of custody and support orders.[3] For modification to be warranted, it must be established that there has been a substantial or material change in circumstances which outweighs society's interest in applying the doctrine of res judicata. *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981). The party seeking the modification has the burden of proving that a substantial or material change has occurred subsequent to the decree. *Cubin v. Cubin*, Wyo., 685 P.2d 680, 684 (1984). See *Johnson v. Johnson*, 717 P.2d 335 (1986). Decisions regarding child support rest largely within the discretion of the district court; we will not disturb these decisions unless there is grave abuse of that discretion or violation of some legal principle. *Harrington v. Harrington*, Wyo., 660 P.2d 356, 360 (1983).

In the present case, the trial court found that there were substantial changes which justified a modification. Appellant agrees that there have been numerous changes. The children are nine years older, and two of them are now teen-agers; the cost of living has increased over the past nine years; appellant's income has more than doubled since the divorce. In light of the above, appellant does not contest the trial court's finding that there has been a substantial change of circumstances, but he contends against the modification on an asserted inability to pay.

In custody and support proceedings, the paramount concern of the court is the child's welfare. *Bereman v. Bereman*, Wyo., 645 P.2d 1155, 1160 (1982). This statement is tempered, however, by the acknowledgment that

"* * * it is imprudent to contend that, when the question involves support payments, the matter should be decided

without consideration of the paying parent's ability to pay, the recipient's spending habits, and all other surrounding circumstances. * * * Child support cannot be determined in a vacuum." *Mentock v. Mentock*, supra, 638 P.2d at 158.

See also, *Redman v. Redman*, Wyo., 521 P.2d 584, 587 (1974), and *Manners v. Manners*, Wyo., 706 P.2d 671 (1985).

■ It must be recognized that determination of amounts of child support where a change of circumstance exists invokes consideration of all of the circumstances including: (a) reasonable needs of the children; (b) reasonable contributory ability and responsibility of the father; and (c) reasonable contributory ability and responsibility of the mother. See *Redman v. Redman*, supra; *Bereman v. Bereman*, supra; and *Manners v. Manners*, supra. Voluntary assumption of an additional obligation by remarriage or debt incurrence does not necessarily constrain responsibility to children of the prior marriage. See *Booker v. Booker*, Wyo., 626 P.2d 561 (1981); *Rubeling v. Rubeling*, Wyo., 406 P.2d 283 (1965).

In regard to the last cited case, it is not intended to re-emphasize the accomplishment of the impossible as a rational obligation but in all respects to recognize that less than adequate income requires mutual compromise.

Ascertainment of that compromise rests in the sound discretion of the trial court in consideration of all the proper and relevant circumstances. *Macy v. Macy*, Wyo., 714 P.2d 774 (1986).

Since we reverse because of the noticed cost of raising children, it is not anticipated that any claim by appellant of the prior abuse of discretion by the court will reoccur on rehearing.

■ Appropriately noted is the comment of the court:

3. Section 20–2–113, W.S.1977, 1985 Cum.Supp., provides in part:

"* * * On the petition of either of the parents, the court may revise the decree concern-

ing the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

" * * * [I]t is obvious that these people are in the same condition as probably ninety percent of the people in the country * * *. Nobody can afford it, but the fact of the matter is, there are children and they require support."

This statement indicates that the court did consider both parties' ability to support the children and did not *assume* that 100 per cent of the needed support could be provided. It recognized that under the current status neither party could afford to support the three children. Merely operating under a monthly deficit is not enough, however, to free appellant from an increase in his support obligation. Just as we have stated that the needs of the children, and not the standard of living desired by the custodial parent, are at issue in determining the proper amount of child support, *Harrington v. Harrington*, supra, we also believe that the noncustodial parent's desired standard of living cannot determine his ability to pay. However, capacity to contribute must be recognized as a physical fact and a legal requirement.

The most difficult decision resulting from this appeal involves the remedy to be fashioned by this court. We are not interested in disinterring the conflict within this court found in *Mentock*, supra. See also, *Macy v. Macy*, supra.

The father lives in Idaho, the mother lives in Texas, and the jurisdiction is situate in Sheridan, located in the far northeast corner of Wyoming. Furthermore, we do not know whether a "change in circumstance" has occurred since July, 1985, or nine months ago.

We expressly do not hold that the record is insufficient under the purview of *Mentock, Manners, Booker,* and *Harrington,* for a decision on the record by the trial court, and will leave the resolution of the case to the evidentiary discretion of the trial court as may be invoked by the litigants after remand. As a matter of example, but certainly not a directive, if litigants desire additional record information, affidavits, depositions or Rule 31, W.R.C.P. written questions might be used.

On the record before this court, a change of circumstances has been demonstrated by the mother and acknowledged by the father.

In the absence of agreement between the participants, the court, by exercise of its discretion and in consideration of the needs of the children, and in conjunction with the capacity and ability of each parent to pay, will have to accommodate those obviously increased needs.

Reversed and remanded.