William R. HOLTZ, III, Appellant (Respondent),

v.

STATE of Wyoming, ex rel., Nicole HOUSTON, Appellee (Petitioner).

No. 92–74.

Supreme Court of Wyoming.

Feb. 1, 1993.

Robert T. Moxley of Gage and Moxley, Cheyenne, for appellant.

Ronald E. Triggs, Cheyenne, for appellee.

Before MACY, C.J., THOMAS, CARDINE, and GOLDEN, JJ., and BROWN, J., Retired.

BROWN, Justice (Retired).

In a paternity action, appellant, William R. Holtz, III, was determined to be the father of a child born out of wedlock. Judgment was also entered against him for $12,003 which included reimbursement to the State of Wyoming for child support paid to the mother, support from date action commenced to emancipation, costs and attorney fees.

Appellant states the issues as:

1. Is it proper for a judgment to include amounts already paid?

2. In a paternity proceeding commenced by the State, as assignee of support rights, is it error to assess judgment for AFDC reimbursement in addition to full guideline child support, both for the same time period?

3. Does the State of Wyoming, under statutory law and its assignment of payable support owing, have standing to seek judgment on the non-party mother's behalf for retroactive support covering any time periods prior to the determination of paternity?

4. Was it plain legal error to ignore the current guidelines, under the guise of rejecting identical guidelines from the paternity statute, in setting child support?

5. Is it inequitable, unlawful or unconstitutional, not to give all the respondent's children equal standing and access to his bounty; i.e., to give priority to an illegitimate child with no presumption of paternity, over natural children and the stepchild of a marriage?

Appellee urges the issues differently:

1. Is Nicole Houston the natural, biological child of the appellant, William R. Holtz, III?

2. Does the biological father of a child have a duty to support said child during their minority?

3. Does the law of this state and the facts of this case warrant the order entered by the district court herein?

We will affirm the judgment with a modification.

Appellant fathered or otherwise obligated himself to support more children than he thinks he can afford. We now hear his plaintive cry that he labored mightily to support children he knew not whom. Appellant Holtz is presently married for the second time. He has a son—the issue of his first marriage—for whom he pays child support. Holtz has a daughter from his current marriage. His present wife has a son from a prior marriage residing in the Holtz home for whom she receives child support.

This case is a paternity action filed by the State of Wyoming on September 1, 1989. The authority for the State of Wyoming to file this action is Wyo.Stat. § 14–2–104 (Supp.1989).[1]

Nicole Houston was born on June 28, 1972, as a consequence of a close encounter between Nancy Houston and appellant, William R. Holtz, III. In his answer to the State's petition, appellant equivocates, but does not deny, paternity. He states by way of justification for his non-support that he feared violence at the hand of Nancy Houston's family. In connection with this paternity action, blood tests were taken and reflect a probability of paternity of 99.91 percent. Wyo.Stat. § 14–2–109(e)(iv) (Supp.1989) establishes a probability of paternity at 97.00 percent.[2] It is the burden of the person against whom such probability is established to rebut that paternity by "clear and convincing evidence." Appellant did not attempt to rebut the presumption of paternity, he was aware of Nancy Houston's pregnancy and knew of the birth of Nicole. He visited his child one time when she was a baby.

Appellant's gross income was approximately $60,000 in 1987 and was reduced to approximately $40,000 by 1989. At the time the petition was filed, appellant had savings. However, he spent most of it fighting child support actions in Colorado and this action. Nancy Houston had minimal paying jobs and supported Nicole until

1. Wyo.Stat. § 14–2–104 provides in pertinent part:

(b) Any interested party may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship presumed under W.S. 14–2–102(a)(iv).

(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under W.S. 14–2–102 may be brought within the time specified under W.S. 14–2–105(a) by the child, the department of health and social services, the mother or personal representative of the child, the personal representative or a parent of the mother if the mother has died or is a minor, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor.

2. Wyo.Stat. § 14–2–109(e)(iv) provides:

If the experts conclude that the genetic tests show that the alleged parent is not excluded and that the probability of the alleged parent's parentage is ninety-seven percent (97%) or higher, the alleged parent is presumed to be the parent and this evidence shall be admitted. This presumption may be rebutted only by clear and convincing evidence.

1979. In 1978, Nancy sustained a serious injury and since then has subsisted on social security disability. She has also received Aid to Families with Dependent Children (AFDC).

Appellant's present wife moved to intervene in the paternity action, which motion was denied. After oral denial of the motion to intervene, appellant's wife filed a support action in the Eighth Judicial District contemplated by Wyo.Stat. § 20–2–102 (1987).[3] The action in the Eighth Judicial District for support appears to be a friendly or contrived lawsuit in an effort to make an end run around the paternity action. In any case, the trial judge in the paternity action did not consider it in his final determination.

In the paternity and child support action, the court determined that appellant was responsible for and should pay $160 per month for February through August 1989, or a sum of $1,120. This amount was to reimburse the State for AFDC benefits expended. In the court's order of paternity and judgment, it fixed child support at $484 per month and related it back to the date the petition was filed (September 1, 1989), a sum of $7,260. From this $484 per month, $160 for ten months (a sum of $1,600) was awarded the State as reimbursements for further AFDC funds expended during the action. The balance of this $484 per month (a sum of $5,660) was awarded Nancy Houston for child support from the commencement of this action, September 1, 1989, to the emancipation of Nicole Houston December 12, 1990.

In the summary portion of his appeal brief, appellant refines or narrows the issues urged. He designates three issues: (1) double recovery of child support; (2) calculating support for the illegitimate offspring without regard to need of wife and children residing in appellant's home; and (3) the State enforcing an inchoate right retroactively, and representing the mother

**3.** Wyo.Stat. § 20–2–102 reads in pertinent part:
When the husband and wife are living separately, or when they are living together but the husband does not support the wife or

"across the board." We will address these refined issues.

## I

Judgment in the trial court was for $12,003. Appellant contends that there were errors in calculating the amount of the judgment. Appellee concedes an error in the judgment. In the court's judgment dated February 20, 1992, there were some calculation errors. There was a mathematical error in adding the individual items in the award. Another error was that the AFDC funds expended during the pendency of this action were not properly accounted for in the judgment. The judgment should be corrected to reflect: (1) $2,720 reimbursement for AFDC funds expended both before and after commencement of this action; (2) $5,660 child support awarded to Nancy Houston; (3) $2,815 for attorney fees and other costs incurred in proving paternity; for a total of $11,195. From this total, a deduction of $150 paid to Nancy Houston should be subtracted. This results in a corrected figure of $11,045. The judgment accordingly will be modified to reflect a correct amount of $11,045.

Appellant further contends that $1,578.86 placed by him in an account at Equality State Bank, according to a court order, should have been deducted from the judgment entered. We disagree. Appellee has not received the $1,578.86 on deposit. At such time as this sum is received by appellee, it will be credited in partial satisfaction of judgment. When this partial satisfaction is effected, the remaining balance on the judgment will correspond with appellant's calculations.

## II

In his brief, appellant traces the history of child support guidelines insofar as he thinks they pertain to this case:

The "divorce" guidelines as they existed at the time of the petition were not incorporated by the paternity statute. In-

children within his means, and no proceeding for divorce is pending, the wife in behalf of herself or minor children may institute a proceeding for support.

stead, the paternity statute had its own guidelines at W.S. § 14–2–113(e).[4] But 35 days before judgment, the old paternity guideline from W.S. § 14–2–113(e)(viii) found itself moved to the guideline statute.

\*   \*   \*   \*   \*   \*

Most of these considerations, including subsection (viii), were taken out of the paternity statute, but incorporated by its reference into the child support guidelines themselves, at W.S. § 20–6–302,[5] 35 days before the judgment.

Appellant contends that the trial court failed to follow the support guidelines set out in either Wyo.Stat. § 14–2–113(e) or Wyo.Stat. §§ 20–6–302 and 304.[6] At trial and in his appellate brief, appellant illustrates in several ways the application of the support guidelines, considering both a three-child obligation to support and a four-

4.  Wyo.Stat. § 14–2–113(e) (Supp.1986) states:

In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall consider all relevant facts including:
(i) The needs of the child;
(ii) The standard of living and circumstances of the parents;
(iii) The relative financial means of the parents;
(iv) The earning ability of the parents;
(v) The need and capacity of the child for education including higher education;
(vi) The age of the child;
(vii) The financial resources and the earning ability of the child;
(viii) The responsibility of the parents for the support of others; and
(ix) The value of services contributed by the custodial parent.

5.  Wyo.Stat. § 20–6–302 (Supp.1992) states:

(a) The guidelines established by W.S. 20–6–304 shall be rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts.
(b) A court may deviate from the child support guidelines established by W.S. 20–6–304 if it issues a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case. In determining whether to deviate from the child support guidelines

established by W.S. 20–6–304, the court may consider the following factors:
(i) The age of the child;
(ii) The cost of necessary child day care;
(iii) Any special health care and educational needs of the child;
(iv) The responsibility of either parent for the support of others;
(v) The value of services contributed by either parent;
(vi) Any expenses reasonably related to the mother's pregnancy and confinement for that child, if the parents were never married or if the parents were divorced prior to the birth of the child;
(vii) The cost of transportation of the child to and from visitation;
(viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;
(ix) The amount of time the child spends with each parent;
(x) Any other necessary expenses for the benefit of the child;
(xi) The net income and financial condition of each parent relative to each other;
(xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and
(xiii) Other factors deemed relevant by the court.

6.  Wyo.Stat. § 20–6–304 provides:
**Child Support guidelines.**
(a) Child support shall be expressed in a specific dollar amount and shall be determined in accordance with the following guidelines:

| Obligor's Monthly Net Income | Number of Children | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | 1 | 2 | 3 | 4 | 5 | 6 or more |
| $  500–$1,000 | 17% | 25% | 30% | 32% | 37% | 42% |
| $1,001–$1,500 | 20% | 28% | 32% | 35% | 40% | 45% |
| $1,501–$2,000 | 22% | 29% | 32% | 40% | 40% | 45% |
| $2,001–$3,000 | 26% | 30% | 33% | 40% | 40% | 45% |
| $3,000–above | $780* | $900* | $990* | $1,200* | $1,200* | $1,350* |

child obligation. It would serve no useful purpose to set out these illustrations in this opinion. Suffice it to say, they all demonstrated a child support figure less than that set by the trial court in its judgment.

The trial court was aware of, and considered, the guidelines set out in Wyo.Stat. §§ 20–6–302 and 304. Before explaining its determination, the court stated:

[T]here is a wide amount of discretion available, equity still plays a large role.

I believe the current version of the statute after listing specifically items that the Court could consider in deviation includes among that list other factors that the Court deems appropriate.

In explanation of its decision, the court said:

From the point of view that I think is the accurate one, we see Mr. Holtz coming into this court in the name of equity asking for equitable relie[f] in effect in the face of a record that establishes that he has totally and blatantly ignored the relationship arising out of his paternity of Nicole, his obligations to Nancy and even to himself. He offers a thoroughly unconvincing excuse for such selfishness and even going further by saying that the relationship was undermined by attempts to establish an enforced support. I believe that that's nonsense.

After 17 years of doing nothing while his daughter subsisted on welfare benefits and his wife worked as a waitress, I'm sorry, never his wife, but the mother of his daughter, he never sought in any fashion to establish paternity, never sought in any fashion to in any way meet his moral and financial responsibilities to Nicole.

If this is not disgraceful conduct, certainly it is conduct that makes Mr. Holtz' plea for equity ring extremely hollow. * * *

Mr. Holtz had an obligation to Nicole from the day she was born, even prior to the day she was born. He should have helped to pay the expenses related to birth. He should have been making a regular systematic appropriate contribution to her support from the day of her birth, and he should be providing her with the father to which she is entitled.

So it just does not seem very convincing to me to have him now standing before this Court pleading that the equities of this situation demand that he be given some sort of consideration. I think the demands now being made by Nicole's mother and by the State are minimal if you compare it to what Mr. Holtz should have been paying throughout all of these years.

■ A trial court should give serious consideration to the support guidelines. However, strictly following the guidelines blindly would nullify the court's traditional discretion and would not be in the interest of justice in all circumstances. The guidelines set out in the statute were not crafted to give any special protection or advantage to a parent owing support. Guidelines are just that—guidelines, and do not accommodate to all circumstances or cases. As a matter of policy, we are hesitant to impinge on the trial court's historic discretion.

■ An award of child support is a matter addressed to the discretion of the trial court and will not be disturbed on appeal except for a clear abuse of this discretion. *Grosskopf v. Grosskopf,* 677 P.2d 814 (Wyo.1984). Appellant has not demonstrated, nor have we detected, an abuse of discretion in determining child support.

Appellant's appeal to equity has a hollow ring. He is only required by court order to contribute to the support of his child for a period of twenty-two months. While Nancy Houston and Nicole subsisted on low-paying jobs, social security disability and AFDC, appellant enjoyed a substantial income, as high as $60,000 a year.

### III

■ Appellant states his final assignment of error several ways. It appears that he is complaining that the appellee is attempting to collect child support for a time period before determination of paternity and that appellee is attempting to collect additional child support beyond what had been paid from the public funds. Ap-

pellant does not seriously object to the judgment for AFDC paid either before the filing of the petition or after, this period of time being from February 1989 to June 1990. His objection is to the court fixing child support in the sum of $484 per month and reaching back to the date the petition was filed, that is, September 1, 1989. His further objection is that, in the action filed by the State, Nancy Houston was also awarded child support.

Appellant brings to our attention Wyo. Stat. § 14–2–108(d) (Supp.1992), which provides in part:

(d) During the pendency of an action and on application of either party, the court may enter an order providing for:

\* \* \* \* \* \*

(ii) Temporary support of the child when the genetic test tends to establish the paternity or when the man alleged to be the natural father has acknowledged his paternity of the child in writing[.]

This statute may have some bearing on temporary support; however, in this case we are concerned with an order of paternity and judgment which was the final order of the trial court. As indicated earlier in this opinion, Wyo.Stat. § 14–2–104(c) is the authority to pursue this action.

Wyo.Stat. § 14–2–113 (Supp.1992) provides in part:

(a) The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes.

\* \* \* \* \* \*

(c) The judgment or order may contain any other provision directed against the appropriate party to the proceeding concerning the duty of support, the custody and guardianship of the child, visitation privileges with the child, the furnishing of bond or other security for the payment of the judgment or any other matter in the best interest of the child. The judgment or order may direct the father to pay the reasonable expenses of the mother's pregnancy and confinement.

(d) \* \* \* The court as it deems just, may limit the father's liability for past support of the child \* \* \*.

\* \* \* \* \* \*

(f) The court has continuing subject matter and personal jurisdiction to enforce or modify a judgment or order made pursuant to W.S. 14–2–101 through 14–2–120 \* \* \*

Wyo.Stat. § 14–2–204(d) (Supp.1992) provides in part:

The measure of recovery from the defendant is the reasonable value of the care or support which has been furnished to the child by the petitioner. In addition, the court may make other suitable order for future care or support of the child. These remedies are cumulative and in addition to other remedies provided by law.

It seems reasonably clear that the statutes contemplate provisions in the judgment for more than recovery of "expenses incurred." (In this case, AFDC funds.) The statutes address matters in the future as well as "expenses incurred." Likewise, there is not a provision that limits the state (if it is the petitioner) to expenses incurred. The only portion of the judgment that was truly retroactive was the provision that appellant reimburse the state for expenses incurred before the date the petition was filed. Other matters contained in the petition do not reach back beyond the date of the petition. The only prohibition against retroactive application is a prohibition against retroactive modification of an order of child support. Wyo.Stat. § 14–2–113(f).

We believe that Wyo.Stat. §§ 14–2–101 through 204, and specifically the sections we have referred to, are broad enough to permit the court, as it has done here, to set the effective date of child support to be the date of the filing of the petition for support. We are further of the opinion that the statutes are broad enough to permit an award, on the petition of the state, for child support owing the child's mother and other expenses. A ruling by this court that only partial relief could be granted may result in other actions to award that portion of child support that the

state did not collect. This would be contrary to our traditional policy of judicial economy. We believe that the applicable statutes should be construed liberally to the end that the burden of supporting children should fall on the parents rather than the public.

Affirmed as modified.