**Douglas G. MADISON, Appellant (Plaintiff),**

v.

**Donna Lynn MADISON, n/k/a Donna Lynn Eisele, Appellee (Defendant).**

No. 92–168.

Supreme Court of Wyoming.

Sept. 23, 1993.

**GOLDEN, Justice.**

In this appeal we must determine whether the district court erred in increasing appellant's child support based on an average of his income for a four-year period of time and whether a district court has authority to modify a child support award, adding to it an "escalation clause."

We affirm.

### ISSUES

Appellant Douglas G. Madison raises these issues:

I. Whether the court erred in providing that Mr. Madison's child support obligation could be increased, and not decreased, automatically each year based solely on his adjusted gross income.

A. Whether the court erred in not expressing the child support in a specific dollar amount as required by W.S. § 20–6–304(a).

B. Whether the annual automatic child support adjustments improperly side-step the required showing of a material and substantial change of circumstances and the consideration of factors other than the obligor's income.

C. Whether the court erred in establishing a child support provision which automatically increases if Mr. Madison's income exceeds $51,238.20 but does not provide for automatic decreases if Mr. Madison's income is less than that amount.

D. Whether the court erred in not providing for reimbursement to Mr. Madison if the increased child support level in any particular year is greater than $1,270 per month, but his income actually supports lesser child support.

E. Whether the requirement that the child support automatically increase based on adjusted gross income (with the adjustment to arrive at net income) was error by the court.

II. Whether the court erred in basing appellant's child support obligation on an average of appellant's income over a four-year period.

Rhonda Sigrist Woodard, Burke, Woodard & Bishop, P.C., Cheyenne, for appellant.

Diane M. Lathrop, Wiederspahn, Lummis & Liepas, P.C., Fort Collins, CO, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

Appellee Donna (Madison) Eisele submits this restatement of the issues:

I. Whether the court correctly applied the law of the State of Wyoming when it averaged Mr. Madison's income over four-years.

II. Whether, based upon the facts of this case, the court properly established a range of child support, with automatic annual adjustments. Said range is specific to the extent necessary to comply with W.S. § 20–6–304(a) and the formula provided is equitable in that neither party is precluded from petitioning the court for adjustments pursuant to the Wyoming child support guidelines.

III. Whether the court properly established an increase in child support when Mr. Madison's income increases.

IV. Whether the court properly considered the issue of "phantom income" when determining Mr. Madison's income and subsequent child support payments.

## FACTS

Madison filed a complaint seeking a divorce on December 28, 1982. The parties have two children who are now approximately 13 and 15 years of age. A decree of divorce was entered on May 11, 1983, and provided for the division of the marital property, that Eisele would have custody of the children, and that Madison was to pay a total of $700 per month as child support for their two children. He was also required to provide health and medical insurance for the children and to pay one-half of all medical expenses not covered by insurance. An amended decree, entered on June 28, 1983, altered some provisions of the decree and accorded Madison the right to claim both children as dependents for income tax purposes.

On August 7, 1990, Eisele filed a petition seeking review and adjustment of Madison's child support obligations. After more than a year of bitterly disputed discovery, most of which was directed at determining what Madison's income was, he agreed to increase his child support to $500 per month per child and to contribute $75 per month per child to a college fund. That offer was not accepted. On December 13, 1991, the district court issued an opinion letter which concluded that Madison had experienced an increase in income which warranted modification of his child support obligations, even though his income varied dramatically from year to year and his income was somewhat difficult to quantify. The district court set his child support obligation for the two children at a minimum of $1,270 per month and a maximum of $2,000 per month (the minimum and maximum figures for one child are $965 and $1,330, respectively) [1]. The minimum figure is based on what the district court found to be Madison's net, average, annual income over a four-year period of time. The maximum level was to be reached dependent upon future increases in Madison's annual earnings based upon his net income.[2] The record gives no indication if Madison has been required to pay an amount greater than that. The final order of the district court was reduced to a judgment. This appeal followed.

## DISCUSSION

In significant part, Eisele's action was engendered by changes in Wyoming law

---

1. The order on modification reads:

   Commencing in January 1992, Plaintiff shall pay as child support for two children a minimum monthly amount of $1,270. * * * Within 30 days after Plaintiff has prepared his taxes for any given year, he shall provide to Defendant a certified statement from his accountant setting forth his adjusted gross income from his Form 1040. This amount shall exclude any future spouse's income. The adjusted gross income shall be reduced by 33% to arrive at net income. Any net income over $51,238.20 shall be multiplied by 30%. With-

   in 30 days of providing the certified statement from his accountant to Defendant, Plaintiff shall submit that additional amount to Defendant as child support. This adjusted child support amount shall remain in [e]ffect for 12 months. In no event shall the child support exceed an amount equal to a total of $2,000 per month in child support.

2. The district court apparently based this percentage on the table, i.e., an individual whose monthly income is over $3,000 pays $900 for two children (or 30%).

concerning child support which occurred in 1989 and 1990. WYO.STAT. § 20–6–304(a) (Supp.1992) provides:

### § 20–6–304. Child support guidelines.

(a) Child support shall be expressed in a **specific dollar amount** and shall be determined in accordance with the following guidelines:

| Obligor's Monthly Net Income | Number of Children | | | | | |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 or more |
| $ 500–$1,000 | 17% | 25% | 30% | 32% | 37% | 42% |
| $1,001–$1,500 | 20% | 28% | 32% | 35% | 40% | 45% |
| $1,501–$2,000 | 22% | 29% | 32% | 40% | 40% | 45% |
| $2,001–$3,000 | 26% | 30% | 33% | 40% | 40% | 45% |
| $3,001–above | $780* | $900* | $990* | $1,200* | $1,200* | $1,350* |

*Minimum dollar amounts. (Emphasis added).

Madison contends the district court erred in not expressing the child support in a "specific dollar amount." The district court did express the specific dollar amount of $1,270 which was immediately due. The amount of child support set is well within the district court's discretion, and we will not disturb that ruling. *Ellison v. Walter ex rel. Walter*, 834 P.2d 680, 685 (Wyo. 1992); *Scaling v. Scaling*, 805 P.2d 866, 869 (Wyo.1991); *Mintle v. Mintle*, 764 P.2d 255, 258 (Wyo.1988).

The significant issue we must address is whether it was an abuse of discretion for the district court to set an upper scale of $2,000 per month for child support, based on a theory that Madison's income might vary upwardly in the future. What the district court actually did was to insert an "escalation clause" in the modified decree. Madison contends that, in addition to the language of WYO.STAT. § 20–6–304, requiring that child support be in a "specified dollar amount," WYO.STAT. § 20–2–113 (Supp.1992) contemplates that the district

court will only modify that specific dollar amount upon petition. The district court retains jurisdiction of child support matters and may entertain petitions to modify the decree if changed circumstances present themselves. This is not a matter of first impression in this court,[3] but the issue, has been addressed in greater detail by numerous other appellate courts. JAY M. ZITTER, ANNOTATION, *"Validity and Enforceability of Escalation Clause in Divorce Decree Relating to Alimony and Child Support,"* 19 A.L.R. 4th 830 (1983). It is obvious that the district court carefully reviewed the cases cited in the annotation, as well as the cases cited at footnote three. It is our view that the child support guidelines manifest a presumption that the typical welfare and needs of children will be met by the minimum child support levels given the earning ability of the parent. Beyond that minimum level, a district court may, in its discretion, award child support consistent with the child's need and the parent's ability to pay. WYO.STAT. § 20–6–302(b)(xi)

---

**3.** In the discussion of facts contained in *Macy v. Macy*, 714 P.2d 774 (Wyo.1986), mention is made of an escalation clause not dissimilar to the one in controversy here. However, no issue was raised in that appeal with respect to the escalation clause. Also *see Swetich v. Smith*, 802 P.2d 869 (Wyo.1990). In *Roberts v. Roberts*, 816 P.2d 1293, 1297 (Wyo.1991) we dealt with an escalation clause which the parties had agreed to in the stipulated settlement of their divorce (holding that the district court was not obligated to strictly follow that agreement).

In *Mentock v. Mentock*, 638 P.2d 156, 160 n. 3 (Wyo.1981), this Court appeared to recommend the use of escalation clauses, but that was only dicta. In *Harrington v. Harrington*, 660 P.2d 356, 360–61 (Wyo.1983), we rejected strict adherence to the terms of an escalation clause, but did not specifically approve or disapprove of its usage. In that case we did make clear that the welfare and needs of the children are very important considerations, along with the parents' ability to pay.

(Supp.1992). Here the district court found that the children's needs were between $1,587 (Madison's evidence) and $2,511 (Eisele's evidence).

■ It is noteworthy that for a period of many years a parent's standard of living was a significant factor in determining support for an illegitimate child, but not for a natural child. *See* WYO.STAT. § 14–2–113(e)(ii) (1986) (repealed in 1990 and replaced by WYO.STAT. §§ 20–6–301–306 (Supp.1992) (the court shall consider all relevant facts including the standard of living and the circumstances of the parents); *Nuspl v. Nuspl,* 717 P.2d 341, 346 (Wyo. 1986) (noncustodial parent's mere operation on a monthly deficit was not enough to free father from increase in his child support obligation); *Harrington v. Harrington,* 660 P.2d 356, 360 (Wyo.1983) (needs of children, not standard of living desired by custodial parent, are at issue in a petition to modify child support); and *see Holtz v. State ex rel. Houston,* 847 P.2d 972, 975 (Wyo.1993). Our decisions in *Harrington* and *Nuspl,* to the extent that they suggest the means of the parent should not be an important consideration in setting the level of child support, need to be clarified. Child support set at a level which is consistent with the parent's wealth and income does not constitute an abuse of discretion. *Bereman v. Bereman,* 645 P.2d 1155, 1160 (Wyo.1982).

After careful consideration of the statutes which govern child support and the aggregate intention of those statutes, when read as a comprehensive body of law, we hold that the district court did not abuse its discretion in establishing an escalation clause. Given even a minimum level of cooperation between these parents, the escalation clause should diminish the need for the custodial parent to return repeatedly to court to modify the decree in order to avoid the prospect of increasingly inadequate support. Likewise, it should reduce the attendant need of the custodial parent to expend significant sums for attorney fees, as well as help prevent the emotional trauma associated with such court appearances. Such an escalation clause does not diminish the discretion of the district court to modify child support in the face of changed circumstances. It merely places the burden on the noncustodial parent to seek modification if a genuine change of circumstances does exist. *See* 3 MELLI, ET AL., ALIMONY, CHILD SUPPORT & COUNSEL FEES—AWARD, MODIFICATION & ENFORCEMENT, § 22.10 (1991).

■ The district court found it necessary to deviate from the guidelines for reasons that it set out in great detail and which adequately justify the court's innovation. The language requiring child support to be set in a "specific dollar amount" is not violated by the court's modification order. There is no violation because the formula provides a range of specific dollar amounts and readily translates to a specific dollar amount when escalation occurs. Appellant contends the district court should also have provided for reductions in child support if appellant's income fell or for refunds if he overpaid. As noted above, if those circumstances do come about in any meaningful sense, they may be addressed by a petition to modify the child support. Likewise, the district court's order does not violate the statutory requirement for changed circumstances. The district court determined that under all the relevant circumstances child support should be within a range of $1,270–$2,000, and, all other things remaining equal, it should stay at that level. Should all other things not remain equal, appellant may seek a change in the level of child support.

■ Appellant contends the district court erred in averaging his income over a period of four years. It is obvious from the record that the district court faced considerable difficulty in determining what appellant's monthly net income was because he experienced month-to-month and year-to-year fluctuations. We do not read the governing statutes as prohibiting use of such an average where circumstances require it. We hold the district court acted within its sound discretion in averaging appellant's income over the four-year period selected. Of course, as to the child support which was immediately due, the

district court did express a specific dollar amount, i.e., $1,270. *See In re Marriage of McQueen*, 493 N.W.2d 91, 92–93 (Iowa App.1992); *Nelson v. Nelson*, 454 N.W.2d 533, 535 (S.D.1990); *Studt v. Studt*, 443 N.W.2d 639, 644 (S.D.1989); *Clutter v. McIntosh*, 484 N.W.2d 846, 848–49 (N.D. 1992); *contra, Hillebrand v. Hillebrand*, 130 N.H. 520, 546 A.2d 1047, 1050–51 (1988). Appellant also contends that the averaging process did not take into account "phantom income."[4] Our review of the record demonstrates that the district court took into account all relevant and available information in reaching its determination of appellant's income level.

The judgment of the district court is affirmed in all respects.

CARDINE, Justice, dissenting, with whom TAYLOR, Justice, joins.

I dissent. The divorce decree was modified by increasing appellant's child support obligation from $700 per month to $1,270 per month. The trial court averaged appellant's income from the preceding four years in arriving at $1,270 per month as appropriate, reasonable child support. The future effect of averaging, assuming appellant's income is the same in the ensuing four years, is that appellant will pay too much in some years and not enough in others, but the average will be just right. If appellant's income is dramatically more or less than expected, either party can seek modification as the law provides. That is fair. The trouble with the court's opinion here is that it approves an escalation clause that provides for yearly increases in child support upon an increase in income, but does not provide for corresponding decreases in child support upon a decrease in income. That is unfair where, as in this case, the child support will be adjusted annually. Thus, I would affirm the award of child support of $1,270 per month but

reverse and delete the escalation clause from the decree.

---

4. "Phantom income" is generally income resulting from a taxable event from which the taxpayer does not actually receive money.