Michael V. BAILEY, Appellant
(Defendant),

v.

Diane L. BAILEY, Appellee (Plaintiff).
(Three Cases.)

Nos. 96–97, 96–289, 96–290.

Supreme Court of Wyoming.

Feb. 26, 1998.

Anthony T. Wendtland of Davis & Cannon (argued), Sheridan; and Joel M. Vincent of Vincent & Vincent, Riverton, for Appellant.

Nyla A. Murphy, Laramie, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

This case presents a familiar story of the dissolution of a marriage which Michael V. Bailey (the husband) desires to accomplish as inexpensively to himself as possible. In seeking that goal the primary issue he raises is the valuation of the stock of several closely held corporations, which resulted in a provision of the decree that he pay Diane L. Bailey (the wife) a lump sum of $323,081.50 to balance the division of property between the parties. Other asserted issues include a claim that the district court abused its discretion in determining income for child support; awarding child support based upon the disputed income; arriving at a division of the marital property; and denying a stay of the decree pending appeal. The husband also seeks relief in the form of a schedule of payments for the lump sum awarded in the property settlement. We hold that the value assigned to the corporate stocks was justified by the evidence submitted, and the trial court did not abuse its discretion in any of the matters argued by the husband in this Court. The evidence makes a schedule of payments of the lump sum awarded to the wife appropriate. We affirm the valuation of the corporate stocks; the determination of income for purposes of child support; the amount of the child support awarded; and the denial of the stay of the decree pending appeal. We remand the case for a hearing on an appropriate schedule of payments of the property settlement award.

In his Brief of Appellant, the husband articulates the issues in this way:

*Property Division*

I. Did the trial court err when it valued Husband's interests in family businesses higher than the value they were required to be liquidated for pursuant to binding restrictive sale agreements?

*Child Support*

II. Did the trial court err in calculating Husband's base net income for child support purposes?

III. Did the trial court err by including Husband's annual bonus income from R & J Ent., Inc. in his base monthly support calculation?

IV. Did the trial court err by failing to exclude "phantom[ ] income" from Husband's "bonus" child support calculation?

V. Did the trial court err by failing to exclude the net income Husband received from a one-time bonus in 1994 that was used to pay for the parties' home and divided by the trial court in the property division?

VI. Did the trial court fail to apply the proper statutory guideline percentage to

the calculation of Husband's "Bonus" support?

*Alimony*

VII. Did the trial court err in awarding alimony to Wife in light of the incorrect child support determination, property division and the other circumstances of the case?

VIII. Does the decree contain an improper alimony award to Wife characterized as a division of debt?

*Stay on Appeal*

IX. Did the trial court err in denying Husband a stay on appeal in the payment of alimony?

In the Brief of Appellee, Diane L. Bailey, a/k/a Diane L. St. Pierre, the wife sets forth these issues:

I. *The disposition of property and awards of alimony and child support upon divorce are matters entrusted to the discretion of the trial court. Absent a clear abuse of that discretion, not present in this case, this court should affirm the trial court's decision* [.]

A. *The trial court properly valued Bailey's interests in the family business, committed no abuse of its discretion and should be affirmed.*

B. *The trial court's award of alimony is allowed by statute, within its discretion, and is just and equitable under the circumstances of this case.*

C. *The child support awarded is not an abuse of discretion and was based upon evidence in the record. Therefore, the trial court's award of child support should be affirmed.*

A Reply Brief of Appellant, filed by the husband, adds these issue statements:

I. Wife's brief on appeal does not substantively address the Husband's issues with cogent argument.

II. Wife severely misstates matters in the record.

III. Wife has failed to designate any portions of the record on appeal; a number of her references to the record should be stricken.

The husband and the wife were married on December 18, 1982, in Riverton. During the twelve years of their marriage, five children were born. Following their marriage, the wife left her employment at a bank, and became a homemaker, primarily responsible for the rearing of the children. The husband worked long hours for his family businesses, and he provided the main financial support for the family. Not long before the birth of the fifth child, in August of 1994, the husband and the wife separated. In September, the wife filed a Complaint for Legal Separation, and that was followed by a counterclaim for divorce by the husband. After four hearings, the district court entered a Decree of Divorce in December of 1995, but that decree did not address with finality the division of property, the custody of the children, child support, or spousal support. On March 4, 1996, the court entered an Order and Decree, later amended *nunc pro tunc* on April 8, 1996, settling the property division, custody, child support and alimony issues.

The district court awarded custody of the first child of the marriage to the husband, and the wife was granted custody of the other four children. No appeal is taken with respect to child custody. The husband does appeal from the decisions of the trial court with respect to property valuations and the division of that property, child support, and alimony.

In accordance with WYO. STAT. § 20–2–114 (1977), the court considered the respective merits of the parties, and determined that the wife was the aggrieved party for purposes of a just and equitable division of property. The husband owns a controlling interest in two closely held family businesses and is a stock holder in two more closely held family businesses. The corporations in which he holds a controlling interest are Bad Boys Limited Liability Company (Bad Boys LLC) and Bailey Enterprises, Inc. The other two corporations are R & J Enterprises, Inc. and Grandview Estates. The court found that it was appropriate to divide the value of the ownership interests in these businesses equally between the husband and the wife, while allowing the husband to maintain ownership. In arriving at a valuation of the

husband's interests in these corporations, the court primarily accepted the valuations and the discount of those valuations suggested at the trial by the husband's accountant. It then valued the husband's ownership interest as follows:

| Company | Value |
|---|---|
| Bad Boys LLC $432,000 (1994 valuation) × 72.5% = | $313,200.00 |
| Bailey Enterprises. Inc. $780,000 (5/31/94 valuation) × 55.2% = | 430,500.00 |
| R & J Enterprises, Inc. Book Value 12/31/94 $240,124 × 9.36% | 22,476.00 |
| Grandview Estates | 12,187.00 |

Using these values for the husband's ownership of the corporate stock and the value of other property that was not disputed, the district court found that the total value of the family property was $950,563.00. In order to balance the distribution of the assets, the court ordered the husband to pay $323,081.50 in cash to the wife within 180 days after March 4, 1996. It is this lump sum payment with respect to which the husband seeks an order permitting the payment of this cash requirement to be scheduled rather than paid in one lump sum.

When determining the income of the parties for purposes of child support, the court found that the husband's monthly net income was $5016.66. Although the wife was not employed, the court imputed income to her of $748.00 per month. The application of the provisions of WYO. STAT. § 20–6–304 (Supp. 1995) lead to the court finding that the husband owed $1,611.93 per month as child support. That amount would assume that all five children were living with the wife, but since only four children were living with the wife, the court revised that amount by reducing the monthly payment by $339.00. It appears that the amount required as child support by the husband took into account the imputed income of the wife of $748.00 per month. The court also ruled that it was appropriate to invoke an escalation clause as approved in *Madison v. Madison*, 859 P.2d 1276 (Wyo.1993), in anticipation of any future increases in the husband's income. The husband then was ordered to pay once a year "bonus support" of 36.6% of his disposable net income which was defined as any W–2 income on his federal tax return that was more than the $5,016.66 per month, plus any other pass through income, or its imputed value.

The husband also appeals the trial court's award of alimony. The court held that the wife required additional funds for retraining and imposed an obligation of $800.00 per month in alimony upon the husband for a period of 8 years. The court specifically found that the husband had the reasonable ability to pay the amounts awarded and a reasonable expectancy of future earnings to meet the fair and equitable property settlement.

■■■ There are few rules more firmly established in our jurisprudence than the proposition that the disposition of marital property, the calculation of income for child support purposes, and the granting of alimony all are within the sound discretion of the trial court. Examples of cases that articulate those propositions are *Scherer v. Scherer*, 931 P.2d 251, 254 (Wyo.1997); *Triggs v. Triggs*, 920 P.2d 653, 656 (Wyo.1996); *Kennedy v. Kennedy*, 761 P.2d 995 (Wyo.1988)(giving the review standard for alimony). We will rule that the trial court's discretion has been abused only when the decision appears so unfair, inequitable or unconscionable that reasonable persons could not abide it. *Triggs*, 920 P.2d at 659; *Neuman v. Neuman*, 842 P.2d 575, 579 (Wyo.1992). In accomplishing our review, we consider only the evidence in favor of the successful party in the trial court, ignore the evidence of the unsuccessful party, and grant to the successful party every reasonable inference that can be drawn from the record. *Grosskopf v. Grosskopf*, 677 P.2d 814, 818 (Wyo.1984).

■■ The husband vigorously contends that the valuations of the stock of Bad Boys LLC, Bailey Enterprises, Inc. and R & J Enterprises, Inc. were incorrectly determined. His position is that the only value that should be invoked should be that found in the restrictive sales agreements for these compa-

nies which severely limit the persons to whom the shares may be sold and set the prices. The husband contends that these are the values he would receive if he should endeavor to liquidate his shares. He contends that the court abused its discretion in adopting any other method of valuation.

Our statute provides that in making a division of marital property, a trial court is required to "make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children." Wyo. Stat. § 20–2–114 (1994). We considered the question of how stock in a closely held corporation should be valued for purposes of this statute in *Neuman*. We held that the trial court is not required to accept any one accounting method for achieving the valuation as more accurate than any other. *Neuman*, 842 P.2d at 582. The trial court adopted the appraisal made by the husband's own expert witness for both Bad Boys LLC and Bailey Enterprises, Inc. In arriving at those appraisals, the expert took into account the restrictive sales agreements. The value of the stock in R & J Enterprises, Inc. appears to have been derived from the wife's assessment, and is not unreasonable. The values found by the court are not so unfair, inequitable or unconscionable that a reasonable person could not abide them, and there was no abuse of discretion in valuing that stock.

■ Having concluded that the value for the husband's shares in the several companies were appropriately reached within the exercise of the trial court's discretion, the cash award to the wife of $323,081.50 must stand. The requirement that this amount be paid in a lump sum in 180 days from the date of the judgment, however, appears sufficiently unfair that it amounts to an abuse of the trial court's discretion. The assets available to the husband and his income are directly tied into the family businesses, and they can only be sold under binding restrictive sales agreements. We acknowledge the possibility

that he could raise the cash by borrowing money, but there seems to be little point in imposing that demand upon him and creating an interest drain to an outside entity when a fair payment schedule would provide for that interest to be paid to the wife. We therefore reverse the provision in the decree requiring that the $323,081.50 be paid in a lump sum within 180 days, and remand the case for a hearing to determine an appropriate and reasonable payment schedule.

■ The husband argues that the court erred in calculating his income for the purpose of determining child support. The husband's income was found by the trial court to be $5016.66 per month. The husband complains that this income figure is neither based on his salary nor any other proper evaluation of his income. The legislature has defined income and net income for purposes of determining child support in this way:

(i) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor * * * annuity and retirement benefits, and any other payments made by any payor, * * *. In determining income, all reasonable unreimbursed legitimate business expenses shall be deducted. Means tested sources of income such as Pell grants, aid to families with dependent children (AFDC) basic grants, general assistance (GA), food stamps and supplemental security income (SSI) shall not be considered as income. Gross income also means potential income of parents who are voluntarily unemployed or underemployed;

(ii) "Net income" means income as defined in paragraph (i) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions, arrearage payments excluded.

Wyo. Stat § 20–6–301(a) (1994). Our task again is to determine whether the trial court committed an abuse of discretion in arriving at the amount of the husband's income. The record demonstrates a calculation of the husband's income from a base salary of $72,-000.00 plus yearly distributions from R & J Enterprises, Inc. of $14,000.00 from which 30% was deducted for income taxes. The husband argues that his current salary is set at $42,000.00. This is correct, but we agree with the wife that he is in a position to control his salary. According to the various company documents in the record, the husband's salary can be set as high as $72,000.00 a year without any penalty flowing from him to the corporation or other stockholders. Our statute specifically declares, "[g]ross income also means potential income of parents who are voluntarily unemployed or underemployed." Wyo. Stat § 20–6–301(a). We hold that it was not unfair, inequitable or unconscionable for the trial court to conclude that child support should be based upon the husband's potential salary which he can control. In this regard, we note that the husband is complaining about having to pay $1,272.93 per month in child support, but our application of the statute would result in a requirement that the husband actually pay a higher amount, $1,307.58 per month.[1] Since the wife has not appealed the final awards in the decree, we do not adjust the child support. In accordance with our authorities, the amounts are close enough in value that we would not be justified in disturbing them on appeal. *Dowdy v. Dowdy*, 864 P.2d 439, 442 (Wyo.1993).

■ In addition to the base monthly child support, the district court determined that "bonus support" should be paid in accordance with *Madison*, 859 P.2d at 1280. The potential for changes in the Husband's income makes an escalation clause like that approved in *Madison* an efficient way to guarantee the children support out of the husband's enhanced income. *Madison*, 859 P.2d at 1280. "Bonus support" was defined by the court as 36.6% of any W2 income above the base income attributed to the husband, plus any other pass through income or its imputed value. In this regard the husband complains that this formula includes "phantom income." Our statute defines income as including "any form of payment or return in money." WYO. STAT. § 20–6–301(a). Since the husband is the majority stock holder in two of these family corporations, he is in a position to control "phantom income," in much the same way as he can control his salary. The trial court applied a factor or 36.6% to the "bonus support." Even though the court followed the support tables with respect to the base monthly child support, we do not consider it an abuse of discretion for the trial court to use a percentage of 36.6 for the bonus support. That additional support is vested within the trial court's discretion according to *Madison*.

■ The husband also appeals the award of alimony. Alimony is awarded pursuant to WYO. STAT. § 20–2–114 which provides "[t]he court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability * * *." Our cases establish that when alimony is awarded, the controlling factor is the ability of the other spouse to pay, though other matters may be considered. *Hendrickson v. Hendrickson*, 583 P.2d 1265, 1267 (Wyo.1978). The husband contends that he does not have the ability to pay $800.00 per month to the wife for 8 years, and he also contends that the errors made by the trial court regarding property division and child support require that the alimony award be

---

1. The trial court calculated the monthly income for the husband to be $5,016.66. The wife's imputed income was set at $748.00 per month. The total family income then for purposes of setting child support was $5,764.66. Of that figure, 87% is attributable to the husband and 13% is attributable to the wife. Following WYO. STAT. § 20–6–304(v), the parties owe $1,713.00 plus 22% of $1,084.66. The total child support for the five children is $1,951.63. The husband's 87% share of that figure is $1,697.92, which means that the husband should be paying $339.58 per child. The wife's 13% of the total support amounts to $50.74 per child. The wife was awarded custody of four children, and the husband was awarded custody of one child, so applying WYO. STAT. § 20–6–304(e), the husband owes for four children or a total of $1,358.32 per month. The wife owes for one child at $50.74 per month, and the net of those figures leaves the husband owing the wife $1,307.58 per month.

invalidated. Parallel with our discussion of child support, the husband is the majority stock holder in two successful corporations, and he controls his financial destiny. This demonstrates that he is in control of the "ability to pay." In light of the discretion he enjoys with respect to salary, bonuses, and other distributions, we are satisfied that the husband indeed has the ability to pay the alimony awarded. With respect to his other contention, since we have found that there was no abuse of discretion in the division of the marital property or in the child support awards, we would not be justified in setting aside the alimony award on that claimed ground.

The husband also insists that certain payments assigned to him by the trial court constitute de facto alimony. Specifically he points to certain payments including the costs of continuing counseling for his children and the future cost of repairs to the wife's car (or, in the alternative, the purchase of a new car for the wife and children). While it is true that "a final award of property is a preferable modern substitute for alimony or any other remedy forcing a continuing relationship between the estranged parties," it is equally true "that the goal can be deterred by practical impossibility. It is in the mediation of all these factors that sound discretion is vested." *Broadhead v. Broadhead*, 737 P.2d 731, 739 (Wyo.1987). We cannot conclude from the arguments presented by the husband that the trial court abused its discretion in this regard.

As a final argument, the husband queries, "[d]id the trial court err in denying Husband a stay on appeal in the payment of alimony?" Essentially, this rhetorical question is answered by the husband's own brief where he states that "while the trial court may have discretion to deny a stay request, once this court takes jurisdiction the right to a stay becomes one of right under W.R.A.P. 4.02(a)." In examining the second question that apparently is proffered, whether the husband should receive a stay as a matter of right in the supreme court, we look to the cited rule. The rule begins with this statement, "[w]henever an appellant so entitled desires a stay on appeal, appellant may pres-

ent to the trial court a supersedes bond in such amount as shall be fixed by the trial court * * *." (Emphasis added). The husband does not offer any authority nor provide any cogent legal argument to explain his entitlement. Since the fundamental premise for the argument is missing, we do not consider the matter further. *Weston County Hosp. Joint Powers Bd. v. Westates Const. Co.*, 841 P.2d 841, 850 (Wyo.1992).

We have examined the record in this case carefully to determine whether there occurred any abuse of discretion on the part of the trial court with respect to the property division, the child support and alimony award. We are satisfied that the evidence in the record is ample to support the determinations by the trial court. We affirm all the awards, and the case is remanded only for the trial court to conduct a hearing and arrive at a reasonable payment schedule with respect to the money award made to provide an equal division of the parties marital property.

LEHMAN, Justice, concurring in part and dissenting in part.

I would affirm the ruling of the trial court in all respects. I, therefore, concur with the majority, with the exception of the reversal of the lump sum cash award to which I respectfully dissent.

The trial court ordered husband to pay $323,081.50 within 180 days from the date of judgment. The majority determined that requirement to be an abuse of discretion when a fair payment schedule could provide for interest to be paid to the wife. I am convinced that husband's exhibit X–3, which reflects retained earnings in Bailey Enterprises, Inc. of $868,872, and Y–3, which reflects retained earnings in R & J Enterprises, Inc. of $240,124, totaling in excess of $1.1 million of retained earnings, disclose more than the necessary means to pay or otherwise obtain a lump sum cash payment to wife. This court now relegates wife to the position of an unsecured creditor of husband's respective business enterprises—a position which, if we accept husband's repeated proclamations, no

matter how he pays the award, will force him into insolvency.